**TARBELL v. CREX CARPET CO. et al.**

**No. 10861.**

Circuit Court of Appeals, Eighth Circuit.

June 28, 1937.

W. A. Quinlivan, of Minneapolis, Minn. (O'Brien & Quinlivan, of Minneapolis, Minn., on the brief), for appellant.

John M. Bradford, of St. Paul, Minn. (Bradford, Cummins & Cummins, of St. Paul, Minn., on the brief), for appellees.

Before WOODROUGH, THOMAS, and FARIS, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from an order of the District Court which denied permission to the appellant to file and make proof of claim against the bankrupt estate more than six months after adjudication. The claimant applied to the referee for leave to file and make the proof as upon amendment of claim presented within the six-month period and the referee granted the application, supporting his conclusion with a carefully prepared opinion upon the law and the facts. On review by the District Court a different decision was arrived at and the District Court also filed an opinion in writing. Our study of the record, the assignments of error, and the briefs has led us to the same conclusion as that announced by the District Court. We think the facts and law applicable thereto are correctly set forth in the opinion of the District Court, as follows:

"The Crex Carpet Company filed a voluntary petition in bankruptcy and was adjudged a bankrupt on February 11, 1935. The claimant did not file a formal proof of claim in the proceedings. According to the record, he referred the matter to a firm of attorneys at Minneapolis for attention and was advised by them that the claim had been filed, but for reasons not disclosed the Minneapolis firm failed to file the claim.

"A firm of attorneys of New York City wrote the referee a letter as follows:

" 'New York,
" 'May 1st, 1935

" 'Mr. Horace H. Glenn, 401 Endicott Building, St. Paul, Minn.

" 'Re: Crex Carpet Co.

" 'Dear Sir: We have been representing a Valery Tarbell in an action in the Supreme Court of New York, entitled:

" ' "Tarbell v. Crex Carpet Co.

" 'We have recently been informed that the defendant in that action has filed a voluntary petition in bankruptcy in the Third Division of the District Court of Minnesota.

" 'Would you be good enough to inform us whether the petition was actually a bankruptcy petition or a petition under 77B, and also the last date for the filing of proofs of claim.

" 'Very truly yours,

" 'Gleason, McLanahan, Merritt & Ingraham.'

" 'Below the letter and on the same sheet of paper, the referee wrote the attorneys as follows:

" 'A voluntary petition in bankruptcy was filed by the above named company on February 11th, 1935 and adjudication was entered on that date. This was just an ordinary bankruptcy petition and not under 77B. Claims may be filed within six months from the date of adjudication,—that is until August 11th.

" 'Horace H. Glenn, Referee.'

"This letter, with the notation of the referee, which was returned to the attorneys and received by them May 6, 1935, is the document sought to be amended. The referee allowed the amendment and an 'Amended Proof of Claim and Power of Attorney' was filed July 22, 1936. This claim was allowed by the referee.

"The bankrupt listed the claim in its schedules as a liability.

■ "The Bankruptcy Act, 11 U.S.C.A. 93 (n), provides: 'Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication.'

"This provision is a statute of limitations and is mandatory. J. B. Orcutt Company v. Green, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390; In re Brill (D.C.) 52 F.(2d) 636, affirmed without opinion (C.C.A.) 52 F. (2d) 639; Chapman v. Whitsett (C.C.A.) 236 F. 873.

■ "The fact that the claim was sent to a firm of attorneys who neglected to file it and who informed the claimant that it had been filed, does not empower the court to order the claim filed and allowed after the expiration of the statutory period. In re Manning (D.C.) 4 F.Supp. 922.

"The Bankruptcy Act, 11 U.S.C.A. 93 (a), provides: 'Proof of claims shall consist of a statement under oath, in writing, signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so what, securities are held therefor, and whether any, and, if so what, payments have been made thereon, and that

the sum claimed is justly owing from the bankrupt to the creditor.'

■ "The question presented is whether the letter of the New York attorneys above quoted meets the requirements of the statute. The letter contains two statements of fact: (1) That the attorneys had been representing claimant in an action against the bankrupt in the Supreme Court of New York; and (2) that they had been informed that the bankrupt had filed an involuntary petition in bankruptcy. These two statements were to explain to the referee why the inquiry that followed them was made, that is, whether the petition was voluntary or under section 77B [11 U.S. C.A. § 207] and the last date for filing proof of claim. The letter did not show that the action had resulted in a judgment for the claimant or that a provable claim against the bankrupt existed, the basis of such a claim, the amount thereof, or that a claim was being or would be asserted by the claimant or by them as his attorneys. That this letter was not intended to serve as a proof of claim is shown by the fact that it was to ascertain the last date for filing claims, and also by the fact that the claim later was referred to the Minneapolis attorneys for filing. Obviously, the letter is merely being used as a peg on which to hang an amendment.

"There must be filed within the statutory period a proof of claim in writing showing that a demand is made and the creditor's intention of holding the estate liable. In re Thompson (C.C.A.) 227 F. 981; In re Miller & Company (C.C.A.) 45 F.(2d) 115, 116. The language of Judge Swan in the Miller Case is apropos:

" 'It is urged by appellant that the trend of modern decisions is to allow great liberality in the amendment of claims in bankruptcy. So it is; but it is to be noted that the authorities cited as indicating this liberal tendency deal with situations which fall short of that here presented. They permit amendments to correct defects of form, or to supply greater particularity in the allegations of fact from which the claim arises, or to make a formal proof of claim based upon facts which, within the statutory period, had already been brought to the notice of the trustee by some informal writing or some pleading in the bankruptcy proceedings. See Globe Indemnity Co. v. Keeble, 20 F.(2d) 84 (C.C.A.4); In re Faut, 21 F.(2d) 182 (D.C.W.D.S.C.); In re Atlantic Gulf & Pac. S. S. Corporation, 26 F.(2d) 751 (D.C.Md.); In re Kardos, 17 F.(2d) 706, 708 (C.C.A.2); In re Kessler, 184 F. 51 (C.C.A.2); Scottsville Nat. Bank v. Gilmer, 37 F.(2d) 227 (C.C.A.4). It is quite another matter to use an "amendment" as a device for filing after the statutory period a claim based upon a cause of action of which no notice whatever had been given the trustee by anything previously filed. The distinction has been recognized by high authority. In Hutchinson v. Otis, 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179, where it was contended that no amendment was allowable after the prescribed period, attention was called to the fact that "the claim upon which the original proof was made is the same as that ultimately proved," and the analogy was noted to the principle which permits an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad. See, also, In re G. L. Miller & Co., 35 F.(2d) 966 (D.C.S.D.N.Y.), affirmed (C.C.A.) 35 F.(2d) 968; Remington, Bankruptcy (3d Ed.) § 893; Collier, Bankruptcy (13th Ed.) p. 1141. If the limitation imposed by section 57n, as amended by Act May 27, 1926, § 13 (11 U.S.C.A. § 93 (n), is to be given any reasonable meaning, we think it must be true that the right to amend can go no further than to permit the bringing forward and making effective of that which in some shape was asserted in the original claim. In re Kardos, supra, lays down no different rule, for the court there said that "the original proofs are loosely drawn, and might be read as demands against both estates." In the case at bar we can find nothing in the original claim to serve as the basis for the proposed amendment. No facts were alleged and no indebtedness asserted which would give the trustee in bankruptcy notice of the existence of any indemnity obligation, either by law or by express agreement. Consequently the proposed amendment was properly refused.'

■ "Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, formal or informal, disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a

basis for the proposed amendment, but there is not sufficient foundation here to justify the amendment. Indeed, there is nothing to amend."

Affirmed.