In the Matter of MORO SUPPLY COMPANY, Inc., Bankrupt.

No. H 61 B 3.

United States District Court
E. D. Arkansas, E. D.

May 24, 1963.

Ronald A. May, Little Rock, Ark., for Farmers Gin & Seed Co., petitioner.

W. B. Brady, Little Rock, Ark., for Trustee-in-Bankruptcy.

Carroll C. Cannon, Forest City, Eugene Schieffler, West Helena, Jimason J. Daggett, Marianna, George Cracraft, Jr., Helena, for creditors.

YOUNG, District Judge.

Moro Supply Co., Inc., Bankrupt herein, (hereafter referred to as Moro), filed a voluntary petition in bankruptcy on April 5, 1961, and was adjudicated a bankrupt on that date. A Receiver was named, who was later appointed Trustee, on April 21, 1961 at the first meeting of creditors. At this meeting, October 21, 1961 was fixed as the last date for filing claims by creditors of Moro, in accordance with § 57 of the Bankruptcy Act. Although notice was given, Farmers Gin & Seed Co., Inc. (hereafter referred to as Farmers) did not file a formal claim within this time, but orally brought the matter of its claim to the Referee in Bankruptcy's attention for the first time at the final meeting of creditors on July 24, 1962, nine months after the time had expired. Over objections of other creditors, Farmers was given until July 31, 1962 to file a pleading which it deemed best under the circumstances.

On July 31, 1962, Farmers filed a pleading styled "Petition to Amend Claim", which alleged in part:

"4. Thereafter, on several occasions, communications took place between representatives of your petitioner and said Trustee and his attorney. It was at all times known and recognized by said Trustee that your petitioner's claim of $54,-174.02 was outstanding. All of such actions constituted the filing of its proof of claim by petitioner.

"5. Your petitioner desires to amend its proof of claim. * *

"Wherefore your petitioner prays that it be granted leave to amend its proof of claim so that its amended proof of claim be in the form annexed hereto and that your petitioner be authorized to file said amended proof of claim within five days after the granting of such leave, and that your petitioner have such other and further relief as it is entitled to."

A hearing on this petition was held on August 28, 1962. The Referee in Bankruptcy dismissed this petition, finding, *inter alia*, that at no time within the period to file claims did Farmers ever indicate, formally or informally by positive action, that it made demand against the estate and intended to share in the assets of the estate. It was further found that Farmers did not enhance the bankrupt's estate. Farmers now seeks review of the dismissal of its petition and contends that the Referee erred with respect to these two findings. Farmers further contends that the Referee erred in (1) failure to find that the proof adduced at the hearing established an informal claim which was never made a part of the record, and (2) failure to grant the appropriate significance to the action of Farmers' president and manager when they scheduled Farmers' claim along with the Petition in Bankruptcy filed herein.

The Referee in Bankruptcy accurately stated the question which is now presented on review: "Does the record made within the statutory period, formally or informally, disclose facts showing a positive assertion by Farmers of a claim against the estate and an intention to share in the estate?" This question was answered in the negative below, and unless the Referee's findings of fact are clearly erroneous, the dismissal of the petition to amend must be affirmed.

■ All claims provable under the Bankruptcy Act which are not filed within six months after the first date set up for the first meeting of creditors shall not be allowed. National Bankruptcy Act, 11 U.S.C. § 93, as amended. See also 3 Collier, Bankruptcy 57.01(n) (14th ed. 1956). A petition to amend a claim will be allowed wherever it is equitable to do so and where there is sufficient proof in the record of the bankruptcy case itself to show the *assertion* of a claim or *demand* against the estate of the bankrupt. (Emphasis added) In re Fant, 21 F.2d 182, 184 (W.D.So.Car. 1927). See also Fyne v. Atlas Supply Co., 245 F.2d 107 (4th Cir. 1957), citing In re Fant, supra.

■■ The Referee's finding that Farmers made no "positive" acts in attempting to establish its claim is by necessity conclusory in nature. Yet the record clearly establishes this finding. On at least one occasion the trustee inquired in a casual conversation with Farmers whether any claim had been filed. This question was purely incidental to the oral conversation, and the trustee did not even recall the response to his question. Certainly, this cannot fairly be said to be an *assertion* or *demand*. Farmers further urges that the scheduling of the claim by Farmers is significant. However, it is settled that " * * * mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim *nor is the listing of the claim in the bankrupt's schedules sufficient."* (Emphasis added) Fyne v. Atlas Supply Co., supra, 245 F.2d at 108. Even considering both the inquiry by the trustee and the listing of the obligation by the bankrupt, neither of which are positive acts by Farmers, it cannot be said that there was an *assertion* or *demand* by Farmers.

Many cases have been found in which positive acts by the creditor amounted to an assertion or demand against the estate of the bankrupt. E. g., see: Scottsville Nat. Bank v. Gilmer, 137 F.2d 227 (4th Cir. 1930) (correspondence and conferences establishing the claim, as well as participation in the sale of the bankrupt's estate); Cotton v. Bennett, 59 F. 2d 373 (4th Cir. 1932) (filing of claim by attorney without any proof offered); In

re Oscillation Therapy Products, Inc., 94 F.Supp. 779 (S.D.N.Y.1951) (filing of five claims with the trustee who by oversight delivered only two to the referee); Fyne v. Atlas Supply Co., supra. (correspondence amounting to an assertion of a right by claimant's attorney, participation in the first meeting of creditors, and the record reflecting that claimant's action to collect against the bankrupt caused the bankruptcy); In re Fant, supra. (creditor's claim fully set out in the petition for bankruptcy, the admission in part by the bankrupt, and claimant's action in state court which produced considerable funds for the bankrupt's estate). However, no case has been found which has held that there was an assertion or demand on facts such as are presented in the case at bar.

In Tarbell v. Crex Carpet Company, 90 F.2d 683 (8th Cir. 1937), in which the only positive act was correspondence by the claimant, the court refused to permit a motion to amend claim after expiration of time for filing, and stated:

"There must be filed within the statutory period a proof of claim in writing showing that a demand is made and the creditor's intention of holding the estate liable. * * * The language of Judge Swan in the [In Re] Miller [& Co.] case [45 F.2d 115] is apropos:

" 'It is urged by appellant that the trend of modern decisions is to allow great liberality in the amendment of claims in bankruptcy. So it is; but it is to be noted that the authorities cited as indicating this liberal tendency deal with situations which fall short of that here presented. They permit amendments to correct defects of form, or to supply greater particularity in the allegations of fact from which the claim arises, or to make a formal proof of claim based upon facts which, within the statutory period, had already been brought to the notice of the trustee by some informal writing or some pleading in the bankruptcy proceedings. (Citations omitted) It is

quite another matter to use an "amendment" as a device for filing after the statutory period a claim based upon a cause of action of which no notice whatever had been given the trustee by anything previously filed. The distinction has been recognized by high authority. In Hutchinson v. Otis, 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179, where it was contended that no amendment was allowable after the prescribed period, attention was called to the fact that "the claim upon which the original proof was made is the same as that ultimately proved," and the analogy was noted to the principle which permits an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad. (Citations omitted)

\* \* \* \* \* \*

"Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, formal or informal, disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its asserts, there would be a basis for the proposed amendment, but there is not sufficient foundation here to justify the amendment. Indeed, there is nothing to amend."

It is further argued by Farmers· that the finding that Farmers did not enhance the bankrupt estate was error. The officers, stockholders and relatives of Farmers and Moro were interlocked, shared common quarters and bank account. The funds of the two corporations were maintained in a puzzling manner. The Referee found that Farmers did not enhance the bankrupt estate. While Moro and Farmers existed as separate legal entities, the testimony of Jessie Smith, the manager and bookkeeper for

both of them, seems to indicate that Farmers merely had an open account with Moro to be used at the convenience of Farmers. I cannot say that the Referee's finding that Farmers did not enhance the bankrupt estate is clearly erroneous. Therefore, the contention by Farmers that the Referee erred with respect to this finding must fail.

The contention by Farmers that the proof adduced at the hearing established an informal claim which was never made a part of the record is without merit. With respect to this "informal claim", the testimony given by the two witnesses at the hearing established no more than (1) the trustee knew generally that Farmers had a claim, but not the extent, and (2) the trustee had a casual conversation with Farmers on at least one occasion in which the Trustee asked Farmers, without any response that he remembered, whether or not a claim had been filed. It has been pointed out that these acts do not establish an assertion or demand.

It is therefore ordered that the dismissal of the petition to amend claim is affirmed.