**In the Matter of VEGA BAJA LUMBER YARD, INC., Bankrupt.**
**No. B-64-66.**

United States District Court
D. Puerto Rico.
May 3, 1968.

Correa Calzada, Collazo, Salazar & Herrero, Santurce, P. R., for petitioning creditors.

Robert M. Sweeting, San Juan, P. R., for trustee.

McConnell, Valdés, Kelley & Sifre, San Juan, P. R., for the National City Bank.

## ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

This Court has before it a petition for review of an order of the referee in bankruptcy denying a motion of the First National City Bank for approval of a claim against bankrupt in the principal sum of $6,600 at the rate of 7½% on the sum of $4,000 from June 1, 1966 and interest at the rate of 8% on the sum of $2,000 from September 17, 1966. Said motion was denied by the referee in open court on the sole ground that it was filed after September 8, 1967, the last day to file claims. The petition for review sets forth substantially the same grounds as the motion for approval of claim. The Bank submits that: (a) prior to the filing of the petition for involuntary bankruptcy there was pending before this Court its claim against bankrupt in Civil action No. 645-66; (b) the principal assets of bankrupt's estate, as acknowledged by the Trustee's report, were the properties previously attached by City Bank in its pending action against the bankrupt and obtained by the Trustee from the custodian of the attached materials; (c) despite the pendency of its claim against the bankrupt in this Court, the Trustee's knowledge of such action and the estate obtaining the benefit of the value of the properties previously attached by City Bank the referee erroneously failed to approve its claim.

The referee's certificate states certain findings of fact to the effect that the claim herein was denied because it was not made within the mandatory time limitation of Section 57(n) of the Bankruptcy Act. His findings are strictly limited to the dates on which specific events occurred or should have occurred.

### I

I am well aware that the weight of authority considers the six month period of section 57(n) of the Bankruptcy Act, 11 U.S.C.A. Sec. 93(n), as peremptory and immutable. Tarbell v. Crex Carpet Co. (8th Cir. 1937) 90 F.2d 683; First National Bank of Fort Worth v. Virginia Oil & Refining Co. (5th Cir. 1937) 86 F.2d 770, certiorari denied 300 U.S. 676, 57 S.Ct. 669, 81 L.Ed. 881. The cases are decidedly in favor of an "equity-proof" application of the statutory period. In re 74 Knowles Street Corporation (D.N.Y.1943) 52 F.Supp. 715.

The significance given by the courts to this statutory limitation is clearly established in the case of In re Martin Edsel, Inc. (D.N.H. 1963) 228 F.Supp. 538, at page 540:

> " * * * The six months' period of limitation is not the product of Congressional whimsy, but reflects careful consideration of the economic and financial realities of bankruptcy. * * * Apart from the specific exceptions enumerated in § 93 sub. n, the six months' bar is mandatory and can be lifted neither in the discretion of the court nor upon the general consideration that some inequitable result would follow."

Thus it has been firmly established that the Court has no discretion to accept an untimely filing of a claim.

### II

It has been equally established that if there is upon the record in the bankruptcy proceedings, within the six months prescribed by § 57, sub. n, anything to show the existence, nature and amount of a claim, it may be amended even after expiration of the period; 3 Collier on Bankruptcy, section 57.11 at page 186 (14th ed. 1966); Hutchinson

v. Otis, 1903, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179. Courts have been watchful in departing from the general rule of strict interpretation of the statute, and amendments offered after the six months period are closely scrutinized to avoid the filing of an untimely new claim under the guise of an amendment. Wheeling Valley Coal Corporation et al. v. Mead (4th Cir. 1949) 171 F.2d 916; 3 Collier on Bankruptcy, section 57.11 at page 190 (14th ed. 1966).

The creditor must have shown in some form that he had a demand against the estate and intended to hold the estate liable. The substance of a claim must have been made in some form before the statutory period expired. In re Hotel St. James Co. (9th Cir. 1933) 65 F.2d 82; In re Scotchel (D.C.W.Va.1959) 177 F. Supp. 312. The question to be determined is whether the record of the bankruptcy proceeding discloses such evidence or informal proof of the creditor's claim within the proper time for filing as would justify amendment by filing a formal proof after expiration of the six months. There must be a factual basis that gives the court power to allow the amendment. In re Gibraltor Amusements Limited (C.A.N.Y.1963) 315 F.2d 210. A petition to amend a claim will be allowed wherever it is equitable to do so and where there is sufficient proof in the record of the bankruptcy case itself to show the assertion of a claim or demand against the estate of the bankrupt. In re Moro Supply Company (D.C.Ark.1963) 229 F. Supp. 129.

There are many cases where the dilatory creditor has done some positive act which was considered tantamount to an assertion or demand against the bankrupt's estate. See, for example: Fyne v. Atlas Supply Co. (4th Cir. 1957) 245 F.2d 107 (amendment allowed where there was a letter from claimant's counsel to trustee, attorney participated in the first meeting of creditors, and the claim in question gave rise to the involuntary petition in bankruptcy, which claim had been reduced to judgment): In re Fant (D.C.S.C.1927) 21 F.2d 182 (creditor's claim was fully set up in the petition for bankruptcy, admission in part by the bankrupt that claim was correct, claimant's action in state court brought into the bankruptcy court a considerable fund); In re Weco Equipment (D.C.N.Y. 1944) 55 F.Supp. 532, affirmed in Public Operating Corp. v. Schneider, 2 Cir., 145 F.2d 830 (attorney's letter to the referee stating client was a creditor of bankrupt, that a claim would be filed as soon as an examination of the records of creditor was completed and asking that the letter be accepted as a notice of claim against the estate to be subsequently amended.)

In Tarbell v. Crex Carpet Company (8th Cir. 1937) 90 F.2d 683, cited in the opinion of In re Moro Supply Co., supra, the Court stated:

"It is urged by appellant that the trend of modern decisions is to allow great liberality in the amendment of claims in bankruptcy. So it is; but it is to be noted that the authorities cited as indicating this liberal tendency deal with situations which fall short of that here presented. They permit amendments to correct defects of form, or to supply greater particularity in the allegations of fact from which the claim arises, or to make a formal proof of claim based upon facts which, within the statutory period, had already been brought to the notice of the trustee by some informal writing or some pleading in the bankruptcy proceedings. * * * It is quite another matter to use an 'amendment' as a device for filing after the statutory period a claim based upon a cause of action of which no notice whatever had been given the trustee by anything previously filed."

Quoting further from this opinion:

"If the limitation imposed by section 57n, as amended by Act May 27, 1926, § 13 (11 U.S.C.A. § 93(n)), is to be given any reasonable meaning, we think it must be true that the right to amend can go no further than to permit the bringing forward and making effective of that which in some shape

was asserted in the original claim. * * * In the case at bar we can find nothing in the original claim to serve as the basis for the proposed amendment."

Regardless of how liberal an approach is had as to what is sufficient to constitute a basis for amendment, the courts have consistently searched the record for an assertion or claim, no matter how informal, that would permit amendment. To this effect the court said in the case of In re Aero Bulk Manufacturing Company (D.C.Mo.1963) 221 F.Supp. 627:

"I believe without exception, the cases which have been cited by the Claimant refer to amendments of some pre-existing record authorizing the filing of amended claims. Wherever such a record does appear, the bankruptcy court will exercise its equity jurisdiction to permit the amended claim to be filed."

Further, in Perry v. Certificate Holders of Thrift Savings (9th Cir. 1963) 320 F.2d 584 (1963), the court held:

"From our examination of the authorities, we take it that two propositions are firmly established: (1) that the courts will be liberal in permitting amendments to claims where the attempt has been made, within the time limit, to comply with the requirement that a proof of claim be filed; and (2) that the courts, in cases in which no injustice will be done, will be liberal in determining that such an attempt has been made * * * We think that, to begin with, there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim. * * * The Fyne[1] case goes as far as any—and as far as we think is proper."

The Court in Fortner and Perrin, Inc. v. Smith (9th Cir. 1964) 327 F.2d 801, while admitting that conceivably there might be a factual situation which would compel the approval of an oral filing of a claim without a scrap of paper or a scratch of the pen in the court's record to confirm the same, nonetheless, followed the path previously taken by it in Perry v. Certificate Holders of Thrift Savings, supra.

### III

■ Contrary to the Fyne[2] case, supra, in the case at bar it does not appear from the face of the record that the bankruptcy proceeding was based upon previous proceedings begun by the claimant for the collection of the claim in question. The involuntary petition which was brought by creditors other than petitioner in this matter, reveals that the act of bankruptcy was an attachment by the First National City Bank, and the petition for stay of suits brought by the petitioning creditors states that "in the case filed by the First National City Bank of New York, an attachment of properties belonging to bankrupt has been executed and said properties are now in custodia legis of the Courts of the Commonwealth of Puerto Rico." On the other hand, City Bank's contention in its motion for approval of claim and in its petition for review is that it had an action pending in this Court against bankrupt Vega Baja Lumber Yard, Inc. and Evelio Estrella, and that by order of this Court the U. S. Marshal attached materials belonging to said defendants, which properties were surrendered to the Trustee. These facts are not sufficient to assert that the bankruptcy court is informed by its own files of the existence, nature and amount of the claim here involved.

1. The complete citation of this case appears on page 145 of this Opinion.

2. In the Fyne case the claimant had obtained judgment against the bankrupt for the full amount of the claim, had caused execution to be levied upon bankrupt's property and the properties had been advertised for sale. Before the sale, other creditors filed an involuntary petition in bankruptcy alleging the judgment, execution and proposed sale as basis for an involuntary adjudication.

The grounds of the petition for review have already been stated. Let it suffice to say that pendency of litigation, in and of itself, is not sufficient basis to permit an amendment. As to the allegation of the trustee's knowledge of the pending action it is well settled that mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim; Fyne v. Atlas Supply Company, supra, cited in the opinion of In re Aero Bulk Manufacturing Company, supra.

Finally, claimant argues that, as acknowledged by the Trustee's report, the estate of the bankrupt was enhanced by the surrender of the properties attached, since the assets of the estate principally comprise the properties attached by it in its pending action. The fact is that such a situation is not acknowledged anywhere in the Trustee's report. Moreover, I have searched in vain the whole record of the bankruptcy proceedings to substantiate the referee's finding, paragraph 5(d) of the referee's certificate, that during the proceedings City Bank voluntarily delivered to the trustee the assets of the estate they had attached before the bankruptcy and the same were sold by the trustee in these proceedings.

The factual situation in this case does not allow the court to exercise its discretion in favor of the dilant creditor. As held by Judge Connor in the case of In re Martin Edsel, Inc., supra:

> "Bearing in mind, then, the slender precedent[3] in support of the referee's position and the distinguishing and narrowing considerations which pertain thereto, it would appear to be the better part of both reason and authority that the equity powers of the bankruptcy court are not altogether shackled by the six months' statute of

3. The precedent referred to is the case of Pepper v. Litton, 308 U.S. 295, 305 n. 11, 60 S.Ct. 238, 244, 84 L.Ed. 281 where the Court stated:
   " * * * even though the act provides that claims shall not be proved against a bankrupt estate subsequent to six

limitations in 11 U.S.C.A. § 93, sub. n, but that, nevertheless, such powers may be exercised to lift the statutory bar only in the extraordinary case where some element of fraud or injustice has prevented a creditor from filing his claim in timely fashion."

There is no claim in the files, informal, defective or inarticulately drawn, by or on behalf of the creditor, that could amount to an original proof of claim.

It is therefore ordered that the denial of the petition for approval of claim be affirmed.

months after the adjudication, the bankruptcy court in the exercise of its equitable jurisdiction has power to permit claims to be proved thereafter in order to prevent a fraud or an injustice."