**In re SEMS MUSIC COMPANY, INC., Debtor.**

**Bankruptcy No. 77–30961.**

United States Bankruptcy Court,
M.D. Tennessee,
Nashville Division.

Nov. 2, 1982.

James William Hofstetter, Jr., Nashville, Tenn., Trustee.

Joel H. Moseley, Moseley & Elliott, Nashville, Tenn., for Guthrie, unsecured creditor.

W. Ovid Collins, Jr., Nashville, Tenn., for Warner Brothers Publications, Inc.

C. Kinian Cosner, Jr., Cosner, Waldschmidt & Crocker, Nashville, Tenn., for trustee.

### MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the court upon the trustee's recommendation that proof of claim No. 35 filed by Warner Brothers Publications, Inc. ("Warner") be disallowed as untimely. After a review of the applicable authority, the briefs and arguments of the parties, and the record of the proceedings, the court determines that the claim was not filed within the period required by Rule 302(e) of the Federal Rules of Bankrupcy Procedure and, therefore, must be disallowed. The court declines to exercise its equitable authority to enlarge the prescribed filing period or to treat the late filing as an allowable amendment. The court finds, however, that a claim in the amount of $6,000 should be allowed as timely filed within the meaning of Rule

302(e)(3) of the Federal Rules of Bankruptcy Procedure.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

On June 22, 1977, an involuntary bankruptcy petition was filed against Sems Music Company, Inc. ("Sems"). Sems was adjudicated a bankrupt on February 17, 1978. On May 19, 1978, "Statements of Affairs of a Bankrupt Engaged in Business" (with attached schedules) were filed in the bankruptcy proceeding. On May 25, 1978, exhibit A to schedule A–3 was filed listing Warner as an unsecured creditor in the amount of $42,324.04. On June 9, 1978, the clerk of court mailed to all scheduled creditors, including Warner, an "Order For The First Meeting Of Creditors And Fixing Time For Filing Objections To Discharge And For Filing Complaint To Determine Dischargeability Of Certain Debts Combined With Notice Thereof And Of Automatic Stay." June 28, 1978 was set as the date for the first meeting of creditors. The appointed trustee instituted an adversary proceeding against Warner on August 16, 1978 seeking to recover an alleged preference in the amount of $12,517.21. The parties settled the matter on November 21, 1978 after Warner agreed to pay the trustee $6,000. An order approving the settlement was entered on December 11, 1978, and became final December 21, 1978. On January 22, 1979, Warner filed its only proof of claim in this case, claim No. 35 in the amount of $26,979.60.

Warner's proof of claim is not allowable because it was untimely filed. The Bankruptcy Act required that proofs of claim be filed before a creditor could share in the distribution of the bankrupt's estate and established a specific time limit within which claims must be filed.[1] Rule 302(e), which implemented these Act requirements,

---

1. Bankruptcy Act § 57(n) [11 U.S.C.A. § 93(n) (West 1976) (repealed)] required in pertinent part that:

   Except as otherwise provided by this Act, all claims provable under this Act, including all claims of the United States and of any

State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed . . . .

provides that "a claim must be filed within 6 months after the first date set for the first meeting of creditors." December 28, 1978, therefore, was the last day Warner could timely file its proof of claim.

■ Warner does not dispute its failure to satisfy the December 28 deadline. Counsel argues, however, that Warner's claim falls within one of the enumerated exceptions to Rule 302(e). Specifically, Warner relies on Rule 302(e)(3) which states in pertinent part:

A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, . . . .[2]

Warner asserts that its entire claim did not arise or become allowable until the judgment settling the preference action became final. The court does not agree with this broad interpretation of 302(e)(3). Accepting such an interpretation would eviscerate the very narrow, specific exception to the six-month bar rule contained in Rule 302(e)(3). The special 30-day grace period was intended to prevent the injustice that might result if recovery was denied for claims arising after the six-month period had already expired; it was not intended to provide blanket excuse for avoiding filing requirements by parties involved in adversary proceedings. The plain language of the rule and the statute limits the 30-day grace period to claims stemming from the judgment itself. The section does not provide that otherwise time-barred claims of the creditor are resurrected by virtue of a recovery by the trustee. While the court agrees that a $6,000 claim arose "by reason of recovery by the trustee," the balance of Warner's claim existed prior to the filing of the bankruptcy petition and was allowable at the time of the petition and throughout the pendency of the adversary proceeding. The only portion of Warner's claim which arose through the preference action and, therefore, the only portion of the claim for which a timely proof was filed is the $6,000 recovered in settlement of the preference action.

■ Warner's argument that the settlement order contemplated a full 30-day period to file its entire claim is unpersuasive. The order of December 11, 1978 approving the settlement provided that the agreement would not affect the rights of Warner "to file a proof of claim and participate in distributions made to unsecured creditors by the trustee." The order, however, further specified that the filing of a claim must be effectuated within the "statutory period." The order cannot be construed to envision an extension of the statutory deadline. Time was available to comply. Warner had 37 days from the date of compromise and 17 days from entry of the court order to complete a filing. If Warner encountered difficulty in effectuating a filing within that period, an appropriate motion could have been filed pursuant to Rule 906 of the Federal Rules of Bankruptcy Procedure,[3] for an extension of time to complete a filing. Warner filed 25 days after the express statutory deadline. The balance of Warner's claim cannot be allowed.

As an alternative position, counsel requests this court to apply its equitable au-

---

**2.** Rule 302(e)(3) is derived from that portion of Bankruptcy Act § 57(n) [11 U.S.C.A. § 93(n) (West 1976) (repealed)] which provided that:

A claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within 30 days from the date of such recovery or avoidance. . . .

**3.** Rule 906 of the Federal Rules of Bankruptcy Procedure provides in part:

(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

thority and excuse Warner's late filing. Warner points to the facts that its claim was listed by the bankrupt on the schedule of creditors, that the trustee was aware of the claim, that the holiday season intervened, and that only a short period of time existed between settlement of the adversary proceeding and the expiration of the statutory deadline. The bankruptcy court is expressly limited in its discretion to extend the filing deadline after its expiration. Rule 906 of the Federal Rules of Bankruptcy Procedure governing the enlargement of time explicitly excludes Rule 302(e) from discretionary enlargement once the time period has expired.[4]

The courts are virtually unanimous in holding that the filing deadline may not be extended once it expires and that the court's equitable authority is not thereafter available. The Eighth Circuit has noted that "the statute requiring proofs of claim be filed within the prescribed period is clear, positive, and unambiguous and must not be nullified in the name of equity." *Tarbell v. Crex Carpet Co.,* 90 F.2d 683, 685 (8th Cir.1937). This court has discussed the strict construction applicable to the filing requirements as follows:

> The better view, and the view followed by the majority of courts, is that the court's equitable powers must be exercised within the limits established by the Act, and the court may not extend the clear, mandatory, and immutable time limits for the filing of claims imposed by § 57(n). (citations omitted.)

*In re Peterman,* Bk. No. 78–30677 and 78–30678, slip op. at n. 3, (Bankr.M.D.Tenn. Dec. 16, 1980). *See also In re Pigott,* 684 F.2d 239, 242 (3rd Cir.1982); *Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d Cir.1978); *Tarbell v. Crex Carpet Co.,* 90 F.2d at 685; *In re Paul R. Dean Co.,* 460 F.Supp. 447, 452 (W.D.N.Y.1978);

*S.E.C. v. J. Shapiro Co. (In re Securities Investor Protection Corp.),* 414 F.Supp. 679, 683 (D.Minn.1975); *In re Vega Baja Lumber Yard, Inc.,* 285 F.Supp. 143, 145 (D.P.R. 1968); *L.O. Koven and Brother, Inc. v. Local No. 5767, United Steelworkers,* 250 F.Supp. 810, 816 (D.N.J.1966); *In re Moro Supply Co.,* 229 F.Supp. 129, 131 (E.D.Ark. 1963); *In re Aero Bulk Manufacturing Co.,* 221 F.Supp. 627, 633 (W.D.Mo.1963); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924, 925 (Bkrtcy.E.D.N.Y.1982); *In re Brown,* 14 B.R. 233, 234 (Bkrtcy.N.D.Ill. 1981).

■ Courts that have allowed extension or waiver of the filing deadline have done so only in cases where a creditor was without notice of the claim, where an act of fraud had been perpetrated, or where "extraordinary" facts justified a suspension. *See, e.g., In re Pigott,* 684 F.2d at 244 (discharge of radiation from Three Mile Island and subsequent evacuation by attorney *did not* justify filing beyond deadline); *U.S. v. Kennedy (In re H & C Table Co.),* 457 F.Supp. 858, 860 (W.D.Tenn.1978) (Rule 302(e) should be strictly enforced but waiver allowable if creditor is without notice); *In re Martin Edsel, Inc.,* 228 F.Supp. 538, 541 (D.N.H.1963) (extraordinary circumstances constituting fraud and injustice must be present to justify extension). The facts of this case do not support such a waiver. Warner has alleged no fraud and there were no events which intervened during the six-month period that would provide an adequate basis for finding extraordinary circumstances. Warner was fully aware of the bankruptcy filing as evidenced by the certified notice of the meeting of creditors and Warner's participation in the adversary proceeding. When a creditor has such complete knowledge of the claim, an extension of filing time is generally not allowed. *Perry v. Certificate Holders of Thrift Sav-*

---

4. Rule 906(b)(2) provides that after the specified period has expired, extension of time is only allowable if the failure to act was the result of excusable neglect. Certain Code sections, however, are specifically excepted from time enlargement. Under Rule 906, a court ... may not extend the time for taking any action under Rule 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them.

*ings,* 320 F.2d 584, 589 (9th Cir.1963) (creditors receiving proper notice not excused from untimely filing); *See also In re C.S.T. Construction Co., Inc.,* 21 B.R. 837, 839 (Bkrtcy.N.D.Ill.1982).

■ Warner's argument that the proof of claim filed January 22, 1979 should be treated as an amendment is unpersuasive. Warner is correct in noting that amendments to claims are liberally permitted, even after the expiration of the six-month deadline. *Hutchinson v. Otis,* 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1902); *In re Gibraltor Amusements, Ltd.,* 315 F.2d 210, 213 (2d Cir.1963). It is to state the obvious, however, that before a court can allow an "amendment" to a claim, something must be present in the record to constitute an amendable claim. Without exception, courts allowing amendments have found an adequate assertion of claim made during the six-month period. *Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 50 (9th Cir.1970) (objection to the trustee's petition to sell mortgage property together with petition to reclaim filed by the creditor justifies amendment); *Fyne v. Atlas Supply Co.,* 245 F.2d 107, 108 (4th Cir.1957) (correspondence filed with court amounting to assertion of right is an amendable claim); *Ebeling v. Bobeng,* 123 F.2d 520, 521 (7th Cir.1941) (creditor allowed to amend deficiency decree filed with the court as proof of claim); *In re Lipman,* 65 F.2d 366, 368 (2d Cir.1933) (specific objections to plan confirmation allowed as amendable claim). Similarly, in *Fausett v. Murner,* 402 F.2d 961 (5th Cir.1968), the case principally relied on by Warner, the court specifically noted that the record before it "enabled the court to be informed by its own files of the existence, nature and amount of the claim which justified the allowance of an amended claim." *Id.* at 963.

■ The mere finding of a document within the files does not end the search for an "amendable claim." The document must satisfy certain basic requirements before constituting an amendable proof of claim. First, the document must have been filed within the requisite time limit. Second, the

document must evidence some positive conduct on the part of the creditor. *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584 at 589; *In re Vega Baja Lumber Yard, Inc.,* 285 F.Supp. 143 at 145; *In re Moro Supply Co.,* 229 F.Supp. 129 at 130. Third, the informal proof of claim must state an explicit demand against the estate evidencing an intent to hold the estate liable. *Hoos & Co. v. Dynamics Corporation of America,* 570 F.2d 433 at 437; *Tarbell v. Crex Carpet Co.,* 90 F.2d 683 at 685; *In re Thompson,* 227 F. 981 (3rd Cir.1915).

■ No amendable proof of claim was filed in the instant case. Warner points to no document, either in its brief or argument, that satisfies the basic requirements for an amendable claim. This court is unable to discover any document, memorandum, or correspondence filed with the court which evidences an intent on the part of Warner to pursue a claim in excess of that which the trustee was seeking to recover as a preference. Warner relies upon the trustee's knowledge of the claim and the pending adversary proceeding to assert that an amendment is proper. The courts have consistently held that these two factors are inadequate to establish an amendable claim. A trustee's knowledge of the unfiled claim is not sufficient to allow an amendment. *Fyne v. Atlas Supply Co.,* 245 F.2d at 108; *In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149, 1154 (M.D.La.1973); *In re Moro Supply Co.,* 229 F.Supp. at 131. Nor is the scheduling of a debt by the trustee or bankrupt an adequate substitute for a properly filed claim. *In re Pigott,* 684 F.2d at 245; *Hoos & Co. v. Dynamics Corporation of America,* 570 F.2d at 439; *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d at 589; *National City Bank v. Brislin (In re Killanna Realty & Construction Co.),* 68 F.2d 718, 719 (2d Cir.1934). Similarly, as the court noted in *In re Vega Baja Lumber Yard, Inc.,* 285 F.Supp. at 147, the "pendency of litigation, in and of itself, is not a sufficient basis to permit an amendment." *See also, Rubin v. Holzer,* 5 Bankr.Ct.Dec. (CRR) 19 (Bankr.S.D.N.Y.1979) (dischargeability complaint may not be used as an

informal claim). Warner's argument that it had filed an amendable claim is rejected.

For the foregoing reasons, the court holds that Warner's proof of claim No. 35 is disallowed as untimely filed except to the extent of $6,000 allowable as a claim arising by reason of recovery by the trustee. An appropriate order will be entered.