**In re GOOD NEWS PUBLISHERS, INC. and Dan Mendenhall, d/b/a Good News Publishers, Inc., et al., Debtors.**

**Bankruptcy Nos. 381–01320, 381–02090 and 381–02245.**

United States District Court, M.D. Tennessee.

Aug. 11, 1983.

B. Gail Reese, Nashville, Tenn., for trustee.

J. William Lincoln, III, Nashville, Tenn., for Ms. Karen Mendenhall McCormick.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This matter is before the court on Ms. Karen Mendenhall McCormick's motion requesting this court to allow a late filed claim. Upon consideration of the evidence presented at the hearing, briefs of the parties, stipulations, exhibits and the entire record, this court concludes that this motion must be denied.[1]

The following shall represent findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The parties have stipulated to the facts giving rise to this matter. The debtor Danny Lee Mendenhall, individually and doing business as Good News Publishers, et al, filed a voluntary Chapter 7 petition in the bankruptcy court for this district on July 15, 1981.[2] Ms. McCormick acknowledged that she received a notice in August of 1981 stating that a meeting of creditors in the debtor's case was scheduled for August 24, 1981, and that she understood from reading this notice that she needed to file a proof of claim if she wanted to share in the assets of the estate. Ms. McCormick contacted her attorney who advised her that she did not need to attend the meeting of creditors and that he would file a proof of claim for her and for her father. For reasons unexplained, Ms. McCormick's attorney failed to

---

1. Pursuant to Administrative Order No. 28–4, this case was referred to Bankruptcy Judge George C. Paine, II in his temporary capacity as standing master for this district. Upon review of the report submitted by Judge Paine, this court finds that his report should be adopted as the opinion of this court.

2. Prior to this date, two other bankruptcy petitions had been commenced in the name of the debtor and/or his company. Good News Publishers, Inc., filed a Chapter 11 petition in the bankruptcy court on April 22, 1981. This case

was converted to a Chapter 7 proceeding on August 28, 1981, and the bankruptcy court subsequently ordered that it be jointly administered with the debtor's Chapter 7 case. An involuntary bankruptcy petition was also filed against the debtor individually and doing business as Good News Publishers, et al, on June 30, 1981, which case was consolidated with the debtor's voluntary Chapter 7 petition on August 31, 1981. While these various filings are admittedly confusing, they have no effect upon the resolution of the issue in dispute.

file a proof of claim on her behalf. When Ms. McCormick was informed by the trustee that her claim had not been filed, she filed a proof of claim on November 19, 1982, accompanied by this motion requesting the court to allow her late filed claim. The trustee subsequently objected to the allowance of this claim.

The issue presented is controlled by the teachings of the bankruptcy court for this district in the recent case of *In re Sems Music Co.,* 24 B.R. 376 (Bkrtcy.M.D.Tenn. 1983). After an exhaustive review of the relevant authorities, Judge Keith M. Lundin concluded that Federal Rule of Bankruptcy Procedure 302(e) requires a claim to be filed within six months after the first date set for the debtor's meeting of creditors and that this time limit is absolute and cannot be enlarged by the court once the time period has expired.[3] *In re Sems Music Co.,* 24 B.R. at 379.

It is undisputed that the claim in question was not filed within this six month time period. The creditor, however, contends that her claim should be allowed in any event since it was listed in the debtor's schedules and the trustee had knowledge of the claim. Judge Lundin specifically rejected similar arguments in *Sems Music* and this court finds Judge Lundin's analysis persuasive. *In re Sems Music Co.,* 24 B.R. at 380. Furthermore, the creditor's reliance on her attorney to file the proof of claim, while perhaps giving rise to a cause of action on her behalf against this attorney, does not permit the court to extend the immutable deadline established by Rule 302(e). *See In re Sems Music Co.,* 24 B.R. at 379.

In short, this court is convinced that the filing deadline for proof of claims "may not be extended once it expires and that the court's equitable authority is not thereafter available." *In re Sems Music Co.,* 24 B.R. at 379. This conclusion, which might seem harsh at first glance, is nevertheless clearly dictated by the bankruptcy rules and is necessary to insure the swift distribution of the bankruptcy estate.

Accordingly, Ms. McCormick's motion to allow a late filed proof of claim will be denied.

IT IS, THEREFORE, SO ORDERED.

---

3. Fed.R.Bankr.P. 302(e) provides in relevant part:
 "*Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors. . . ."

Although Rule 302(e) does contain a number of specific exceptions to this six month deadline, none of these exceptions are applicable in this case.