**In re Janice Terry KEY, Debtor.**

**Bankruptcy No. 385–01752.**

United States Bankruptcy Court, M.D. Tennessee.

Sept. 11, 1986.

Kathryn F. Calhoon, Legal Services of Middle Tennessee, Nashville, Tenn., for debtor.

Keene W. Bartley, Barbara Perutelli, Nashville, Tenn., for Dellway Villa Apartments.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

Dellway Villa Apartments ("Dellway") objects to the discharge of its claim in this Chapter 13 case. I find that the documents Dellway submitted prior to the claims bar date constitute a timely proof of claim which can be amended and must be paid before the debtor receives a discharge.

The following are findings of fact and conclusions of law. Bankr.R. 7052. This is a core proceeding. 28 U.S.C. §§ 157(b)(2)(A), (B) and (J) (Supp. II 1984).

### I.

Debtor has leased an apartment from Dellway since December, 1982.[1] In March and April of 1985, Dellway issued termination notices for nonpayment of rent. On

---

1. Approximately 95% of the monthly rent for this apartment is paid by the United States Department of Housing and Urban Development pursuant to that agency's Section 8 subsidized housing program. *See* discussion of Section 8 program in *Dellway Villa Apartments v. Goodloe*

June 14, 1985, the General Sessions Court for Davidson County, Tennessee, awarded Dellway possession and damages in the amount of $94. On June 17, 1985, debtor appealed that judgment and filed a Chapter 13 petition. Dellway was scheduled as a creditor. The ORDER AND NOTICE FOR MEETING OF CREDITORS fixed October 28, 1985 as the deadline for filing proofs of claim. The debtor's plan proposed to assume the lease with Dellway, to pay the arrearages "in full prior to unsecureds" and to "maintain future payments" during the life of the plan.

On July 22, 1985, Dellway filed a motion for relief from the automatic stay. 11 U.S.C. § 362 (1982 ed. & Supp. II 1984). The motion states "A judgment was received in General Sessions Court for Davidson County, Tennessee, for possession and sums due and owing."

. On August 12, 1985, Dellway and debtor filed a joint pretrial statement as required by this court's pretrial order. Dellway's portion of the pretrial statement exhibited a copy of the lease and an affidavit stating the amounts due from the debtor. The joint statement recited: "As of March 21, 1985, Ms. Key had not paid $13.00 in assessed rent, $18.00 in appliance (washing machine charges) and $25.00 in late charges. As of April 10, 1985, Ms. Key had not paid the appliance and late charges and April's assessed rent of $27.00." The parties attached copies of the state court detainer warrant and judgment. At the preliminary hearing on Dellway's motion for relief, the court found a reasonable likelihood debtor would prevail and set the matter for a final hearing. 11 U.S.C. § 362(e).

In preparation for the final hearing, on September 27, 1985 the parties filed a stipulation that debtor was due an $83 rebate from the Department of Housing and Urban Development. The debtor agreed to contribute the rebate to the Chapter 13 plan and the parties stipulated that "Dellway Villa Apartments' *claim* in this case does not take this rebate into account."

Stipulations at 2 (emphasis added). Also on September 27, Dellway filed a BRIEF IN SUPPORT OF MOTION FOR RELIEF OF STAY which restated the factual basis of its claim.

At the final hearing held October 1, 1985, this court denied Dellway's motion for relief from the stay and rescheduled for further hearing the question whether debtor's Chapter 13 plan provided prompt cure of the rent arrearages and adequate assurance of future rent payments as required by 11 U.S.C. §§ 1322(b)(7) and 365.

Proof was taken on October 29, 1985. By stipulation, exhibits and testimony of witnesses, the nature and amount of Dellway's claim was developed and the debtor's proposal for curing defaults and assuming the lease was reviewed. After hearing the proof, Dellway's objections to assumption of the lease and to confirmation of the Chapter 13 plan were denied. The order prepared by debtor's counsel included these findings of fact:

> The amount Ms. Key is to pay Dellway Villa Apartments is $162.00. After payment of the filing fee and Trustee's fee, with her monthly payments of $20.00 under the Plan, her default would be cured in twelve months. However, she is entitled to an $83.00 rebate from HUD as a result of prior overcharges on her rent. She has committed this rebate to her arrearage.... Therefore, it is likely that with the application of this money to the arrearage, the default will be cured within eight to nine months.

*Dellway Villa Apartments v. Janice Terry Key*, No. 385–01752, ORDER at page 3 (Bankr.M.D.Tenn. Nov. 25, 1985).

The Chapter 13 trustee was not party to the litigation between the debtor and Dellway. On February 13, 1986, the trustee filed a routine motion and order allowing claims. The motion listed Dellway with a claim of $125, the amount scheduled by the debtor. Dellway's claim was classified as "not filed" because Dellway did not file a proof of claim on the usual claim form

*(In re Goodloe),* 61 B.R. 1016, 1017 n. 1 (Bankr.    M.D.Tenn.1986).

prior to the October 28, 1985 claims bar date.

Of 19 creditors scheduled by the debtor, only one filed an allowable unsecured claim. As a result, the trustee quickly received sufficient funds from the debtor to complete payments required by the plan. On May 8, 1986, the trustee filed a final report showing the only allowed unsecured claim had been paid in full. A discharge hearing was set for June 30, 1986 and notice of the hearing was sent to all creditors.

On June 23, 1986, apparently after receipt of notice of the debtor's impending discharge, Dellway filed a formal proof of claim for $155.80 plus $67.25 attorney's fees and court costs. On June 26, 1986, Dellway filed a MOTION FOR ENFORCEMENT OF PRIOR ORDER OF THE COURT. The motion confesses that a "Proof of Claim was not in fact filed" before the claims bar date, but Dellway asserts that the documents submitted and the orders entered in the relief stay litigation satisfy the requirements for proof of its claim.

## II.

After confirmation of a Chapter 13 plan, "distribution shall be made to creditors whose claims have been allowed." Bankr.R. 3021. "A claim ... proof of which is filed under § 501 ... is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502 (1982 ed. & Supp. II 1984). "A creditor ... may file a proof of claim." 11 U.S.C. § 501 (1982 ed. & Supp. II 1984). Although filing a proof of claim is permissive in a Chapter 13 case, filing is a prerequisite for allowance and allowance is a prerequisite for participation in distributions. 11 U.S.C. §§ 501, 502, 507 (1982 ed. & Supp. II 1984).

The proof of claim must be filed in accordance with Bankruptcy Rule 3002. With exceptions not here relevant, the rules require filing in a Chapter 13 case "within 90 days after the first date set for the meeting of creditors." Bankr.R. 3002(c). "A proof of claim is a written statement setting forth a creditor's claim" that conforms substantially to Official Form No. 19. Bankr.R. 3001(a).

▆▆▆ Rule 3002(c) is peremptory. *In re Pigott*, 684 F.2d 239 (3d Cir.1982); *In re Brill*, 52 F.2d 636 (S.D.N.Y.), *aff'd per curium*, 52 F.2d 639 (2d Cir.1931); *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr.S. D.N.Y.1985); *In re Cmehil*, 43 B.R. 404, 407 (Bankr.N.D.Ohio 1984); *In re Markey*, 33 B.R. 332, 333 (Bankr.N.D.Ohio 1983); *In re Sems Music Co.*, 24 B.R. 376, 378–79 (Bankr.M.D.Tenn.1982). The United States District Court for the Middle District of Tennessee has held that the deadline for filing proofs of claim fixed by the Bankruptcy Rules is absolute and cannot be enlarged or extended after it has expired through the exercise of "equitable authority." *In re Good News Publishers, Inc.*, 33 B.R. 125 (M.D.Tenn.1983). *See In re Sems Music Co.*, 24 B.R. 376 (Bankr.M.D.Tenn. 1982) (Act case). As discussed in Part III, *infra*, a timely proof of claim is amendable in the absence of "contrary equitable considerations or prejudice." *W.T. Grant*, 53 B.R. at 420. *See also Sems Music*, 24 B.R. at 380. However, as explained in *Sems Music*, 24 B.R. at 380, amendment is possible only if the requirement of a timely filing is satisfied:

It is to state the obvious, however, that before a court can allow an "amendment" to a claim, something must be present in the record to constitute an amendable claim. Without exception, courts allowing amendments have found an adequate assertion of claim made during the [time period fixed by the Bankruptcy Rules]. *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 50 (9th Cir.1970) (objection to the trustee's petition to sell mortgage property together with petition to reclaim filed by the creditor justifies amendment); *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir. 1957) (correspondence filed with court amounting to assertion of right is an amendable claim); *Ebeling v. Bobeng*, 123 F.2d 520, 521 (7th Cir.1941) (creditor allowed to amend deficiency decree filed

with the court as proof of claim); *In re Lipman*, 65 F.2d 366, 368 (2d Cir.1933) (specific objections to plan confirmation allowed as amendable claim). Similarly, in *Fausett v. Murner*, 402 F.2d 961 (5th Cir.1968), the case principally relied on by Warner, the court specifically noted that the record before it "enabled the court to be informed by its own files of the existence, nature and amount of the claim which justified the allowance of an amended claim." *Id.* at 963.

■ The courts have found diverse documents and combinations of submissions by a creditor to satisfy the requirement that a proof of claim must "conform substantially" to Official Form No. 19. If a general rule can be drawn from the cases, it is that a document(s) constitutes a proof of claim—sometimes denominated as an "informal"[2] proof of claim—which states the existence, nature and amount of the claim and contains "an explicit demand against the estate evidencing an intent to hold the estate liable". *In re Sems Music*, 24 B.R. at 380. *See Liakas v. Creditors' Committee of Deja Vu, Inc.*, 780 F.2d 176, 178 (1st Cir.1986); *In re Basche-Sage Hardware Co.*, 56 B.R. 3, 5 (Bankr.W.D.Or. 1985); *In re W.T. Grant*, 53 B.R. at 421; *In re Nucorp*, 52 B.R. 843, 845 (Bankr.S.D. Cal.1985); *In re Butterworth*, 50 B.R. at 320, 322 (Bankr.W.D.Mich.1984); *In re Nichols*, 36 B.R. 600, 601 (Bankr.M.D.Tenn. 1983). The case law of "informal claims" was summarized in *Sems Music*, 24 B.R. at 380:

> The mere finding of a document within the files does not end the search for an "amendable claim." The document must satisfy certain basic requirements before constituting an amendable proof of claim. First, the document must have been filed within the requisite time limit. Second, the document must evidence some positive conduct on the part of the creditor. *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584 at 589

[ (9th Cir.1963) ]; *In re Vega Baja Lumber Yard, Inc.*, 285 F.Supp. 143 at 145 [ (P.R.1968) ]; *In re Moro Supply Co.*, 229 F.Supp. 129 at 130 [ (Ark.1963) ]. Third, the informal proof of claim must state an explicit demand against the estate evidencing an intent to hold the estate liable. *Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d 433 at 437 [ (2nd Cir.1978) ]; *Tarbell v. Crex Carpet Co.*, 90 F.2d 683 at 685 [ (8th Cir.1937) ]; *In re Thompson*, 227 F. 981 (3rd Cir.1915).

Intent may be implicit in the language of documents. *In re Basche-Sage Hardware Co.*, 56 B.R. at 5. *See Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374 (9th Cir.1985) (filing a complaint for relief from the stay together with exhibit is enough). *But see In re Holzer*, 5 BANKR.CT.DEC. (CRR) 19 (Bankr.S.D.N.Y.1979) (filing a dischargeability complaint under § 523 is not enough); *In re Butterworth*, 50 B.R. at 320 (a complaint under § 523 evidences a demand on the postpetition assets not on those of the estate).

■ The documents submitted by Dellway constitute a proof of claim. Prior to the October 28, 1985 deadline for filing proofs of claim, Dellway filed its motion for relief from the stay, a pretrial statement, a joint statement with the debtor, stipulations of fact, affidavits, exhibits and a pretrial brief. In these documents, Dellway asserted it was owed money for past due rent and appliance charges. The lease and state court judgment forming the basis for the monetary claims were submitted. The joint statement and stipulations of the parties and the plan proposed by the debtor recognized that money was owed Dellway for prepetition defaults. The orders entered by this court, though filed after October 28, contained findings that Dellway had a claim. At the final hearing on Dellway's motion for relief from the stay and again at the hearing to determine whether the plan

---

**2.** "Informal" has been used by many courts apparently to describe a proof of claim "not in the form of" the Official Form prescribed by the drafters of the Bankruptcy Rules. This court is guilty of this unfortunate use of language. *See*

*Sems Music*, 24 B.R. at 380. A proof of claim that "conforms substantially" to the Official Form is no less a "proof of claim" than a filing which is a machine copy of the Official Form. *See* Bankr.R. 3001(a).

complied with 11 U.S.C. §§ 1322(b)(7) and 365, proof was submitted by all parties bearing on the nature and amount of Dellway's claim. All of the information required by Official Form No. 19—the creditor's name and address; the name and address of the creditor's representative; the amount claimed; the consideration and basis for the claim; the writing upon which the claim was founded; and, the judgment rendered against the debtor—was contained in documents submitted by Dellway in its litigation with debtor. Dellway's submissions constitute a proof of claim within the meaning of Bankruptcy Rule 3001(a).

### III.

■ Amendment of a timely proof of claim is not directly addressed by the Code or Bankruptcy Rules. The courts have permitted creditors to amend a timely proof of claim by filing another (typically, untimely) proof of claim in the absence of prejudice or inequity. As Judge Brozman explained:

> Although amendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted, *In re Commonwealth*, 617 F.2d 415, 420–21 (5th Cir.1980); *In re Hertz*, 38 B.R. 215, 218 (Bankr.S.D.N.Y.1984), such amendments are not automatic but are allowed, "where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *Biscayne 21 Condominiums Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 819 (11th Cir.1985) and cases cited therein; *see also In re G.L. Miller & Co., Inc.*, 45 F.2d 115, 116 (2d Cir.1930).

*W.T. Grant*, 53 B.R. at 420 (footnote omitted).

There is little prejudice to this debtor to treat the proof of claim filed by Dellway on June 23, 1986 as an amendment to the proof of claim identified in Part II, *supra.* The debtor was aware of Dellway's intent to hold the estate liable for arrearages under the lease. Arrearages were provid-

ed for in the debtor's original plan and in the order of confirmation. Debtor's plan was anticipated to require 50 months for completion. Because other unsecured claimholders failed to file proofs of claim, the plan was completed in 12 months. The debtor's original expectations are not dramatically upset by Dellway's amended claim.

Nor is there any prejudice to other creditors. This is a Chapter 13 case. Allowance or disallowance of Dellway's amended claim will not affect the rights of other creditors, all of whom have either already been paid consistent with the plan or have claims which are now barred by Bankruptcy Rule 3001(c).

Allowance of Dellway's amended claim is controlled by 11 U.S.C. § 502. Dellway's claim has been variously stated as $94 (state court judgment); $125 (the debtor's schedules); $155.80 (as agreed in court on October 1, 1985); $162 (this court's order of November 25, 1985); and $223.05 (Dellway's amended claim filed June 23, 1986). Consistent with 11 U.S.C. § 502(a), Dellway's claim is deemed allowed in the amount of $223.05 unless a party in interest objects.

An appropriate order will be entered.