SECURITIES AND EXCHANGE COMMISSION and Securities Investor Protection Corporation,

v.

KENNETH BOVE & CO., INC.

No. 72 Civ. 2287.

United States District Court,
S. D. New York.

Jan. 24, 1973.

Martin Siegel, New York City, for Securities And Exchange Commission.

Theodore H. Focht, Washington, D. C., for Securities Investor Protection Corporation.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for trustee; by Ambrose Doskow, New York City.

## MEMORANDUM

POLLACK, District Judge.

This is an application by the trustee serving in the liquidation of Kenneth Bove & Co., Inc. to authorize payments from funds of the Securities Investors Protection Corporation to customers of Bove who file proofs of claim after November 22, 1972 but before April 11, 1973.

On August 17, 1972, the final date for filing proofs of claim was set by this Court for October 20, 1972. That date was 59 days after publication by the trustee in the New York Times of Notice of the Liquidation Proceedings, and 57 days after the publication of similar Notice in the Wall Street Journal and a direct mailing of notice to 12,905 persons believed to be creditors of Bove.

On October 27, 1972, this Court extended the filing deadline to November 22, 1972, upon the application of the trustee.

The present application is, in effect, for a further extension, so as to allow payment on claims filed between the extended cut-off of November 22, 1972 and the absolute limit set by the statute, which in the instant case is computed to be April 11, 1973. The trustee asserts that such a further extension is in keeping with the policy objectives of the Securities Investors Protection Act, 15 U.S.C. §§ 78aaa–78lll.

The text of the statute and its underlying structure and purposes, see generally SIPC v. Charisma Securities Corp., 352 F.Supp. 302 (S.D.N.Y.1972), do not support the present application. Section 6(e) of the Act, 15 U.S.C. § 78fff (e), provides that claims must be "filed within such period of time (*not exceeding sixty days after such publication* [of notice of the liquidation proceedings]) as may be fixed by the court, and no claim shall be allowed after the time specified in section 93 of Title 11." (Emphasis added). 11 U.S.C. § 93 sets as the general time period for bankruptcy proceedings "six months after the first date set for the first meeting of creditors." While the Act does invest the court with some discretion in fixing the filing date, that date should fall within sixty days of publication of notice of the proceedings. The date now proposed comes some eight months after such publication. Additionally, the six month period on which the trustee relies is to be viewed for SIPC proceedings as an absolute outer limit, not as the normal filing period. The trustee has presented no special circumstances which might justify the immediate need for a further extension. That SIPC consents is not dispositive; the administration of the fund—and payments made therefrom—remain partially under the review and supervision of the District Court. *See,* e. g., 15 U.S.C. § 78fff(g).

Should particular instances arise where a late claim is shown to be meritorious and the delay in filing to be excusable, an application to authorize payment of such claim may be made to the Court. But blanket authority to honor all claims that drift in after the already extended deadline is not to be quickly afforded.

The present application for a blanket extension of time for all comers is accordingly denied.

So ordered.