411 F.Supp. 194 (1975)
In the Matter of WEIS SECURITIES, INC., Debtor.
Edward S. REDINGTON, Trustee, Defendant-Appellant,
v.
Florence BORGHI, Plaintiff-Appellee.
No. 73 Civ. 2332.
United States District Court, S. D. New York.
October 3, 1975.
James B. Kobak, Jr., Hughes, Hubbard & Reed, New York City, for Trustee Edward S. Redington.
Michael E. Don, Securities Investor Protection Corp., Washington, D. C., for SIPC.
Lewis Galpeer, Galpeer, Altus & Karp, New York City, for Florence Borghi.
WYATT, District Judge.
This is an appeal by the Trustee of Weis Securities, Inc. (Weis) from an order of Bankruptcy Judge Babitt filed June 19, 1975, granting a motion of claimant Borghi for leave to file a claim long after the time for filing had expired.
The sole issue is whether there is discretion to permit a late filing of a claim. If there be such discretion, certainly Judge Babitt did not abuse it.
The time limit is in 15 U.S.C. § 78fff(e) which incorporates a part of the Bankruptcy Act (11 U.S.C. § 93(n)). "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be *195 allowed . . .". This six months limit expired on December 20, 1973. Borghi had not filed any claim within that time.
This same issue was before me in the appeal of the Trustee from an order of Judge Babitt made on September 10, 1974, allowing the late filing of a claim by Swider. This order was reversed by an order made by me on February 28, 1975. The reasons for reversal were set forth on the record in open Court. For the same reasons, the present appeal must be upheld. The arguments submitted for Borghi have been considered but are not persuasive that the earlier decision by me should be changed.
It should be noted that notice of liquidation proceedings is required to be given to customers of a debtor. 15 U.S.C. § 78fff(e). The provision is as follows: "Promptly after his appointment, the trustee shall cause notice of the commencement of proceedings under this section to be published in accordance with a designation of the court, made in accordance with the requirements of section 51 of Title 11, and at the same time shall cause to be mailed a copy of such notice to each of the customers of the debtor as their addresses shall appear from the debtor's books and records" (emphasis supplied). Although Mrs. Borghi received no notice by mail, the trustee did publish a proper notice, pursuant to an order of this Court filed on May 31, 1973. The notice appeared in the New York Times on June 2 and 4, 1973, and was captioned "Notice to Customers and Creditors of Weis Securities, Inc. and to All Other Interested Parties". Thus, Mrs. Borghi had constructive notice of the liquidation proceedings. Such notice must be sufficient in light of the statute's policy in favor of expeditious completion of liquidation proceedings. See 3 U.S.Code Congressional and Administrative News 1970, pp. 5262-63 (1970).
The order of the Bankruptcy Judge filed on June 19, 1975, is reversed.
SO ORDERED.