In re SECURITIES INVESTOR
PROTECTION CORPORATION,
Applicant.

SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

J. SHAPIRO CO., Defendant.

No. 4–73 Civ. 212.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 26, 1975.

Peter Hendrixson, Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for appellant.

Jeffrey R. Schmidt, Lindquist & Vennum, Minneapolis, Minn., for trustee.

Theodore H. Focht and Michael E. Don, Washington, D.C., for SIPC.

### ORDER

MILES W. LORD, District Judge.

This matter comes before this Court on the petition of Ms. JoAnn Phillips, for review of an Order of the Referee in Bankruptcy dated October 18, 1974.

Ms. Phillips appeals the denial of her claim to 10,000 shares of Love Oil stock, or the value thereof and 50 shares of Dairene Industries, Ltd., or the value thereof.

On July 23, 1974, a hearing was held before Referee and Special Master Kenneth G. Ownes on an objection by the trustee J. Shapiro Co. to the claim by JoAnn Phillips. There was testimony by several witnesses; numerous exhibits were offered and admitted into evidence. At the request of Referee Owens, memoranda were submitted by counsel for the claimant and for the trustee in support of their respective positions. The Securities Investor Protection Corporation also submitted a memorandum in support of the trustee's disallowance of the Phillips' claim.

On October 18, 1974, Referee Owens, by memorandum order (see Appendix), ruled

that Phillips' claim to 50 shares of Dairene Industries, Ltd. and 10,000 shares of Love Oil, Inc. was "time-barred". He allowed only Phillips' claim to 450 shares of Dairene, which was liquidated by the trustee.

On November 14, 1974, Phillips filed and served a Notice of Appeal appealing the Referee's order to this Court. In connection with this appeal, Phillips designated certain material as her record on appeal, including all contents of the record before the Referee, with exhibits, the Order of the Referee and its accompanying Memorandum of Facts and Law. The factual record on appeal is taken from the Referee's memorandum and from an additional stipulation entered into among the parties, referred to in appellate's Designation of Record on Appeal and Statement of Issues, and attached to it as exhibit A.

■ Pursuant to Bankruptcy Rule 810, 28 U.S.C.A. (effective October 1, 1973), the Court must accept the Referee's findings of fact unless they are "clearly erroneous," but can otherwise adopt, modify or reject the Referee's Report or any part thereof.

With these standards in mind, the Court has considered the records, proceedings and all other files herein, including the opposing briefs on the issues. Thus, being fully advised in the premises and it appearing to the Court that the Referee's findings of fact are not clearly erroneous, and that he correctly applied the law, his decision must be affirmed.

■ While it appears to this Court that the disallowance of Ms. Phillips' claim is not an equitable result, it appears to be mandated by the statutory time limit of six months set for the filing of claims (15 U.S.C. § 78fff(e). The Referee has more faith then does this Court in the ability of the post office to deliver the mail. However, the procedure for mailing notice of the proceedings by first class mail appears to be an acceptable procedure when balanced with the additional costs of other methods of notice. Finally, in this case the Referee found as fact that the "testimony of non-receipt was wholly insufficient to negate such mailing".

Under these circumstances, this Court is reluctantly compelled to affirm the decision of the Referee.

ORDERED, ADJUDGED AND DECREED That the Order of the Referee be affirmed.

## APPENDIX

### MEMORANDUM ORDER OF OCTOBER 18, 1974

KENNETH G. OWENS, Referee and Special Master:

An evidentiary hearing was held before me on July 24, 1974, on the objection of the trustee, William T. Dolan, to the customer claim filed in this proceeding by JoAnn Phillips. Jeffrey R. Schmidt appeared as attorney for the trustee, and Peter S. Hendrixson as attorney for the claimant. Following hearing briefs were submitted by all interested parties and the matter is now ready for decision.

### THE PROCEEDING

This is a liquidation proceeding in the matter of the brokerage firm of J. Shapiro Co. (hereafter "Shapiro") pursuant to Section 6 of the Securities Investor Protection Act of 1970 (15 U.S.C.A. § 78fff) with reference to the undersigned as special master. Section 6(e) of the Act (78fff(e)) provides among other things for the giving of notice, as follows:

(e) Notice.—Promptly after his appointment, the trustee shall cause notice of the commencement of proceedings under this section to be published in accordance with a designation of the court, made in accordance with the requirements of section 51 of Title 11, and at the same time shall cause to be mailed a copy of such notice to each of the customers of the debtor as their addresses shall appear from the debtor's books and records. Except as the trustee may otherwise permit, claims for specifically identifiable property (other than securities registered in the name of the claimant or segregated for

him in his individual name) or claims payable from property in the single and separate fund or payable with moneys advanced by SIPC, shall not be paid other than from the general estate of the debtor unless filed within such period of time (not exceeding sixty days after such publication) as may be fixed by the court, and no claim shall be allowed after the time specified in section 93 of Title 11. Subject to the foregoing, and without limiting the powers and duties of the trustee to discharge promptly obligations as specified in this section, the court may make appropriate provision for proof and enforcement of all claims against the debtor including those of any subrogee.

Soon after appointment the trustee obtained from the computer company (SICOMP) which had maintained Shapiro customer account lists and records, a master list of the some 35,000 present and former customers of Shapiro, including that of claimant.

The court approved a form of notice giving information of the commencement of the proceeding and informing customers of the necessity to complete and return a proof of claim form to the trustee within sixty days, or by July 2, 1973. The notice also included advice to all other creditors of the debtor that such claims must be filed within six months after the first date set for the first meeting of creditors, and "No claim of any kind will be allowed unless filed within said six months period."

The trustee promptly caused the notice to be published as designated by the court and by direction to SICOMP caused a copy of claim form and notice to be mailed to each of the individuals named on the master list by metered first class mail. The envelopes were machine addressed, and SICOMP employees verified the count of envelopes against the count of names on the master list. In addition, the trustee further verified the count by match of the total postage meter amounts against the total number of customers. No envelope addressed to claimant was returned by the postoffice to the trustee. While as mentioned hereafter claimant disputes receipt of such mailing I am satisfied that an individual letter was addressed and mailed to her and that the showing is insufficient to negate the inference of delivery.

The time to file customer claims was at the instance of the trustee twice extended, first to August 1, 1973, and then to January 9, 1974, a date six months after the first meeting of creditors. Without affecting claims generally, but only as to claims of customers to securities physically segregated or registered in customer name a final bar date, May 3, 1974, was subsequently fixed by order.

### THE CLAIM

The Phillips' claim was received by the trustee on February 22, 1974, after expiration of the claim filing period, but prior to the bar date for securities physically segregated or registered in customer name. The claim listed and claimed entitlement to 10,000 shares of Love Oil Inc., 500 shares of Dairene Industries, Ltd., and a cash position of $839.25. The Shapiro records, including the customer statement as of March 30, 1973 showed no cash balance but a security position of 500 shares Euro Industries, Ltd., and 10,000 shares Love Oil Inc.

The hearing demonstrated and claimant concedes that she received payment of the cash balance from Shapiro prior to liquidation. The trustee concedes that the books show security positions as indicated, and since he has found 450 shares of Dairene Industries, Ltd. (formerly named Euro Industries, Ltd.) concedes the entitlement of claimant to that property on a valid claim filed prior to May 3, 1974. Accordingly, there remains at issue the claim to 50 shares of Dairene Industries, Ltd. and 10,000 shares of Love Oil Inc., which the trustee contends is time barred.

### OTHER FACTS

Claimant opened her account at Shapiro in 1972 upon the advice of Wally Karbo. She had no substantial knowledge of securities and whatever correspondence or docu-

ments she received from Shapiro she simply turned over to Mr. Karbo for his advice and action. The Love Oil had been purchased in 1972 and the Dairene Industries in 1973. They still remained in the account despite Mr. Karbo's repeated attempts directly and through the account broker to obtain a delivery out to the customer.

Mr. Karbo was also a customer of Shapiro and knew of the liquidation proceeding no later than May 14, 1973 and he filed a claim on his own behalf. The claimant denies notice of the proceeding until shortly prior to the filing of her claim. In this connection she testified that her mail was delivered into one of a number of mail boxes near her residence and that it was her constant practice if and when any material was received from Shapiro by mail to turn it over to Mr. Karbo without substantial examination and for his action. Admittedly she had some difficulty with children interfering with mail delivery to such box, but testified that she had no recollection of receiving notice or claim form at any time in this proceeding. Mr. Karbo testified that claimant delivered no such claim form or notice to him and that the claim form eventually executed and filed by claimant was obtained by him directly from the trustee.

### ISSUES

Claimant's principal contention is that the Securities Investor Protection Act of 1970 does not require a customer to file a claim where, as here, the debtor's books and records indicate that a customer has a security position in an account. She also contends that, if a claim is required, the Act prescribes no time bar as to claims for "open contractual commitments", and relying on alleged lack of notice or knowledge of the claim filing requirements that under the special circumstances of this case the trustee or the court has discretion to allow payment of the claim now filed. All these contentions are disputed by the trustee.

### DISCUSSION

This court dealt previously with the claim filing requirements of Section 6 of the Act

in its unreported Memorandum and Order entered on April 1, 1974 in the case of *SEC v. Teig Ross, Inc.,* No. 4–73 Civ. 107. The Memorandum (which is available to counsel) examines the requirements of Section 6(e) in the context of its relationship to the Bankruptcy Act, and prior bankruptcy practice and procedure. That exposition, which will not be repeated here, led to the conclusion that Section 6(e) in providing that "no claim shall be allowed after the time specified in section 93 of Title 11" constituted an absolute time bar as to all claims excepting only those for "securities registered in the name of the claimant or segregated for him in his individual name," and only as to that type of claim a further specific order of court was required to effect a bar. In the present case the claim for the segregated 450 shares of Dairene Industries, Ltd. is timely filed and has been recognized by the trustee. I am satisfied, however, that as to the claim for 10,000 shares of Love Oil Inc. and 50 shares of Dairene Industries, Ltd. the claim as an ordinary customer claim is time-barred.

Section 6(e) appears plain on its face. Except for the matter of identified securities it specifically provides as to the claims of customers an initial sixty day filing period, subject to extension but with an absolute time limit fixed by reference to the Bankruptcy Act as the date six months following the first date set for first meeting of creditors, in the present case January 9, 1974. There can be no doubt that the references in the subsection are to "claims" and to *proof of claim* for it speaks in terms of such claim being "filed" within the prescribed period of time. It is equally plain that "no claim shall be allowed after the time specified in section 93 of Title 11".

It is only with respect to extensions of time beyond sixty days and within the absolute six month limit that the trustee may exercise his discretion to request the court to provide extensions of time for filing of customer claims. In *Teig Ross* and in the present case the court has permitted an exercise of trustee discretion to the limits permitted by the statute. In this the court

took a broader view of the trustee's discretion than did the court in *Securities & Exchange Commission v. Kenneth Bove Co., Inc.*, 353 F.Supp. 496 (S.D.N.Y.1973). There, the court having permitted an initial thirty day extension of time to file claims refused to permit a blanket extension to and including the date six months after first meeting of creditors. In doing so, it expressly referred to that date as being "the absolute limit set by the statute", and "the six month period on which the trustee relies is to be viewed for SIPC proceedings as an absolute outer limit, not as the normal filing period". Accordingly, *Bove* provides no support for claimant's contention that either the trustee or the court has some discretionary authority to deviate from that time limit.

Nor does the referenced Section 93 of Title 11 (Section 57 of the Bankruptcy Act) countenance any evasion of the time limitation. Both this court and the Court of Appeals have in accordance with the weight of authority stated that the pre-Chandler Act Section 57 "is a statute of limitations and is mandatory". See *Tarbell v. Crex Carpet Co.*, 8 Cir., 90 F.2d 683. Subsequent amendments "added as they were with full knowledge of the existing divergences of judicial views, constitutes a distinct reinforcement of the reasoning in favor of strict and 'equity-proof' application of the statutory limitation." 3 *Collier on Bankruptcy* 14th Ed., Sec. 57, 27, p. 423 et seq.

The trustee complied with the statute when he caused a notice to be published, and caused such notice to be mailed to each of the customers of the debtor "as their addresses shall appear from the debtor's book and records." In the face of the time bar established by the statute, it is immaterial whether the notice mailed was actually received. See 3 *Collier on Bankruptcy* 14th Ed., Sec. 58.05(5). The process developed by the trustee for the mailing of notice and for the verification of mailing seems clearly sufficient under the statute. Whether a notice was actually mailed to this particular claimant is, of course, a question of fact. I am satisfied that the processes were properly followed, and that there was no return of the mailing to this claimant. If the matter were material, I am satisfied that the testimony of non-receipt is wholly insufficient to negate such mailing. In any event Mr. Karbo in effect acted as a fully authorized agent in connection with dealings in the account and he unquestionably had notice of the proceeding in time to file.

The claimant contends the failure to deliver out the securities as requested left an open contractual commitment which the trustee is authorized and required to complete pursuant to Section 6(d) of the Act (Section 78fff(d)).

The section, however, limits such open contractual commitments to those in which a customer had an interest as there defined. The customer is only "deemed to have had an interest in a transaction if a broker participating in the transaction was acting as agent for a customer, or if a dealer participating in the transaction held a customer's order which was to be executed as a part of the transaction". Accordingly, it is only in the case of involvement of a broker or dealer in the transaction that an open contractual commitment may exist. That, of course, was not the case here. *Securities and Exchange Commission v. Aberdeen Securities Co., Inc.*, 3rd Cir., 480 F.2d 1121.

Of course even an open contractual commitment is not insulated from the claim filing requirements. Payment of such a claim may be made from the single and separate fund or the general estate of the debtor, see Section 6(d), or from SIPC advances, see Section 6(f). Section 6(e) mandates, however, that payment from any such source may only be made on claims filed within the time frame there set forth, and no later than six months whatever the source.

## CONCLUSION

I conclude that the claim of JoAnn Phillips may be allowed only for 450 shares Dairene Industries, Ltd. and that the claim, except as already satisfied by payment of a cash balance, is time-barred with respect to

the remaining 50 shares of Dairene and 10,000 shares Love Oil Inc.

ACCORDINGLY, IT IS ORDERED that the objection of the trustee to the claim of JoAnn Phillips is sustained in all respects except as to the 450 shares of Dairene Industries, Ltd. previously segregated for her account as now held by the trustee.