**In re BREEZEWOOD ACRES, INC., Bankrupt.**

**Bankruptcy No. 77–759.**

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 17, 1982.

### OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The trustee in the above captioned bankruptcy objected to proof of claim # 294, filed by Breezewood Acres Community Association, Inc., a creditor. He objects since the claim was not filed until March 21, 1980, more than six months after the first meeting of creditors held on December 9, 1977.

Section 57n of the Bankruptcy Act of 1898 (former 11 U.S.C. § 93(n)) states the general rule that "(c)laims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed...." Exceptions to this rule are specified in § 57n but are inapplicable here. Bankruptcy Rule 302(e) restates the general rule of § 57n; the exceptions therein are also not applicable.

Although several of the Circuit Courts of Appeals have been more liberal in the interpretation of § 57n and Rule 302, the Third Circuit has consistently adhered to a strict interpretation of the six month time limit and has disallowed claims filed beyond that deadline. *In Re Pigott,* 684 F.2d 239 (3rd Cir.1982); *In Re Mellen Manufacturing Co.,* 287 F.2d 37 (3rd Cir.1961). The Court has no equitable power to extend the filing date beyond the mandatory six month period. *Pigott, supra.* In light of this strict rule, the claim of Breezewood Acres Community Association, Inc., must be disallowed since it

was filed more than six months after the first date set for the first meeting of creditors.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.