## In the Matter of GROCERLAND COOPERATIVE, INC., an Illinois Corporation, Bankrupt.

### Bankruptcy No. 78 B 2644.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 27, 1983.

See also, Bkrtcy., 32 B.R. 427.

Paul Fox, Holleb & Coff, Chicago, Ill., for plaintiff.

Benedict Danko, Whiting, Ind., for defendant.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

The issues brought before this Court concern the validity of certain claims filed against Grocerland Cooperative, Incorporated (hereinafter referred to as the debtor). The debtor was a purchasing cooperative incorporated under the laws of Illinois. Its members consisted of retail grocery stores not affiliated with a national supermarket chain.

The corporate purpose of the debtor was to purchase grocery goods in bulk amounts. The discounts obtained from the bulk purchases were to be passed along to the member grocery stores in the form of lower prices for grocery goods. Consequently, it was hoped that this arrangement would enable the smaller grocery stores to compete more effectively with the larger supermarket chains.

However, on April 6, 1978, an involuntary petition in bankruptcy was filed against the debtor by three petitioning creditors. On May 15, 1978, the debtor was adjudicated a bankrupt. The first meeting of creditors was held on June 6, 1978. Unsecured claims involving over 500 creditors were listed by the debtor. The scheduled unsecured claims alone represented liabilities in excess of $2,000,000.00. Frank Del Medico (hereinafter referred to as trustee) was appointed as trustee on November 19, 1980. Whiting Supermarket, Incorporated d/b/a Condes Whiting Super (hereinafter referred to as "CWS"), and Condes Grocery, Incorporated (hereinafter referred to as "CGI"), filed unsecured proofs of claims against the debtor's estate. CWS's claim is for $1,371.30 and CGI's claim is for $721.30.

The record indicates that both claimants were listed on the debtor's schedule of creditors. The Trustee does not dispute the amount claimed in either case. However, the trustee objects to both claims based on the six month bar date of Section 57(n) of the former Bankruptcy Act, 11 U.S.C. § 93(n) (1976), *repealed by* Bankruptcy Reform Act ·(November 6, 1978).

The pre-Code Act is applicable to this proceeding by virtue of the filing date of the involuntary petition, which occurred while the Act was still in force. The claimants allege that they never received notice of the debtor's financial plight and they argue that this Court should invoke its equitable powers and waive the normal six month bar date provision of Section 57(n). Consequently, this Court must determine whether the claims of CGI and CWS should be allowed. In that both claims involve identical issues of law, this Court will consolidate the disposition of these claims to further judicial economy. Section 57(n) of the old Bankruptcy Act provided (with certain exceptions not applicable here) that proofs of claims had to be filed within six months of the first meeting of creditors in order to be allowed. 11 U.S.C. § 93(n) (1976), *repealed by* Bankruptcy Reform Act (November 6, 1978). This requirement is mirrored by Bankruptcy Rule 302 which provides in relevant part that:

> (a) .... In order for his claim to be allowed, every creditor, including the United States, any state, or any subdivision thereof, must file a proof of claim in accordance with this rule....
>
> (e) .... a claim must be filed within 6 months after the first date set for the first meeting of creditors....[1]

■ The purpose behind requiring a strict adherence to the six month bar date is to insure a cut-off date for claims which lends some degree of finality to a bankruptcy proceeding. This insures a more efficient system and facilitates the administration of a bankrupt's estate so that the debtor, old creditors and new creditors can benefit. *See* 3 *Collier on Bankruptcy* ¶ 57.27, at 415 (14th edition 1981).

This court finds persuasive the language in *Hoos & Co. v. Dynamics Corp.,* 570 F.2d 433, 437–39 (2d Cir.1978). In *Hoos* the Second Circuit stated: "it would be inequitable as to all 3—old creditors, debtor, and new creditors—not to have a cut-off date beyond which even claims on a scheduled indebtedness may not be filed." *See also, In re Evanston Motor Co., Inc.,* 26 B.R. 998, 1003 (D.N.D.Ill.1983) (The district court did not allow a claim of a creditor who was scheduled but failed to file a proof of claim with the six month time period. The *Evanston Motor* court cited *Hoos* for the proposition that a bankruptcy court should not

---

1. Bankruptcy Rule 302(e) provides five exceptions to the six month bar date. None of the five exceptions is applicable to this proceeding.

use its equitable powers to extend the six month filing date).

In the case at bar, both claims were filed over two years from the date of the first meeting of creditors. The claimants rely on *City of New York v. New York N.H. & H. Railroad,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), in support of their position that the six month bar date should be waived. *City of New York* involved a situation where a debtor was aware of a creditor but failed to send notice of the bar date for filing claims. The Court waived the normal six month bar date and allowed the claim stating "a creditor must have a reasonable opportunity to be heard prior to a judicial denial of a party's claimed rights." *Id.* at 297, 73 S.Ct. at 301.

The Court finds *City of New York* inapplicable to the case at bar. First, both claimants were listed on the debtor's schedules. There was no attempt on the part of the debtor to conceal a debt which was known to exist. *See* 3 *Colliers on Bankruptcy* ¶ 57.27, at 422 (14th ed. 1981) (Some exceptions have been made concerning the strict construction of the six month bar date of Section 57(n). Generally, those situations involved instances where the debtor fraudulently tried to conceal a debt). Second, *City of New York* involved a railroad reorganization which was controlled by the notice provisions of Section 77 of the old Act. *See Matter of GAC Corp.,* 6 B.R. 981, 990 (D.S.D.Fla.1980), *aff'd* 681 F.2d 1295 (11th Cir.1982) (court distinguished the notice provisions of Section 77 with those of Section 57).

Furthermore, some courts, including the Seventh Circuit, have reached the conclusion that the bankruptcy court has no discretion to allow a late filed claim. *See In re Ebeling,* 123 F.2d 520, 521 (7th Cir.1941) (a claim shall not be proved against a bankrupt estate subsequent to the six month bar date of Section 57(n)); *See also In re Pigott,* 684 F.2d 239, 243 (3rd Cir.1982) (the court has no equitable power to extend date for filing claims beyond the mandatory six-month period); *See also In re Breezewood Acres, Inc.,* 28 B.R. 36 (Bkrtcy.M.D.Pa. 1982).

In a case this size, administrative errors do occur. This court has not discovered any evidence which would indicate that the debtor fraudulently concealed the claims at issue. Over two years elapsed from the original order adjudicating the debtor a bankrupt before the claims were filed. In that both claimants are involved in the grocery store business, it is hard for this court to believe that the claimants did not constructively receive notice of the debtor's financial plight until two years later. *See In re Weis Securities, Inc.,* 411 F.Supp. 194 (S.D.N.Y.1975), *aff'd,* 538 F.2d 317, 319 (2d Cir.1976) (petition to allow late claim denied even though notice was never received).

In conclusion, this court finds that the claims filed by CWS and CGI violated the six-month bar provision of Section 57(n) and Bankruptcy Rule 302. Consequently, both claims are denied. The trustee is to furnish a draft order in accordance with this opinion within five (5) days.