**In re Robert A. CMEHIL and Diane Cmehil, Debtors.**

**Bankruptcy No. B81–24–Y.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 19, 1984.

Robert S. Wynn, Jefferson, Ohio, for Theodore and Graciela Carlton.

Robert M. McNair, Jefferson, Ohio, for Warren Production Credit Assn.

John J. Luce, Geneva, Ohio, for debtors.

C.D. Rafoth, Youngstown, Ohio, trustee.

## FINDING AS TO FILING OF CLAIM

HAROLD F. WHITE, Bankruptcy Judge.

In this Chapter 7 proceeding Theodore and Graciela Carlton have filed a motion for an order permitting a late filing of a proof of claim. The Warren Production Credit Association, a creditor of the estate, has objected to the Carlton's motion. Upon consideration of the evidence at the hearing, the Carlton's proffered proof of claim, and the entire file, the court concludes that the Carlton's motion must be denied.

The court finds that in July 1979, the debtors agreed to sell four acres of real property to the Carltons on a land installment contract. The agreement provided that the debtors were to transfer a deed to the four acres after the Carltons had completed payments required under the contract. The Carltons completed all payments by February 1980, but the debtors never transferred a deed to the four acres.

On January 12, 1981, the debtors filed their petition under Chapter 7 of the Bankruptcy Code. The debtors failed to list the Carltons as creditors on Schedule A attached to the debtors' petition.

On February 6, 1981, the court sent notice to all scheduled creditors that there would be a meeting of creditors on February 19, 1981, pursuant to section 341(a) of the Bankruptcy Code. Pursuant to former Bankruptcy Rule 302(e), then in effect, the notice also stated that the last date for filing a proof of claim was August 19, 1981. It is not disputed that the Carltons did not receive this notice as they were not listed in the schedule of creditors.

The Carltons first learned of the debtors' bankruptcy sometime in April 1982. They consulted their attorney in April 1982 about the bankruptcy and he advised the Carltons to take no action since their claim against the debtors would be excepted from discharge, pursuant to section 523(a)(3) of the Bankruptcy Code. On July 30, 1984 the trustee filed his Final Account and Application for Compensation which indicated that there was $2,452.93 in the estate.

The Carltons then filed their motion and proffered their proof of claim on September 4, 1984. The amount of their claim is $2,800.00, which is the total amount of payments they made to the debtors under the land installment contract. Of this amount, they claim a priority of $900.00 pursuant to section 507(a)(5) of the Bankruptcy Code. There are other creditors besides Warren Production Credit Association who filed claims timely which would consume all the assets of the estate after the costs of administration.

■ The Carltons offer two arguments in support of their motion to file their proof of claim. First, they argue that their claim is based on an executory contract which the Chapter 7 trustee has impliedly rejected. They state that, pursuant to present Bankruptcy Rule 3002(c)(4), they may file a claim "within the time as the court may direct". Since the court has not directed a time, the Carltons argue that their claim is not untimely.

The court finds that this argument is without merit. The debtors filed their petition on January 12, 1981. The new Bankruptcy Rules did not become effective until August 1, 1983. Since the Carltons had knowledge of these Chapter 7 proceedings

in April 1982, it seems somewhat unjust that they should be able to take advantage of the new Bankruptcy Rules.[1]

■ Regardless of whether the new rules generally should be applied in this case, the court finds specifically that Rule 3002(c)(4) does not apply.[2] It does not apply because the Carltons' claim is not based on the rejection of an executory contract.

"Executory contract" is not defined in the Bankruptcy Code. Most courts follow the definition of Professor Countryman: "A contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other". Countryman, *Executory Contracts in Bankruptcy*, 57 Minn.L.Rev. 439, 460 (1973), quoted in *In re Rovine Corp.*, 6 B.R. 661 (Bkrtcy.W.D.Tenn.1980). See also *In re Fashion Two Twenty, Inc.*, 16 B.R. 784 (Bkrtcy N.D.Ohio 1982); *In re Mimi's of Atlanta, Inc.*, 5 B.R. 623 (Bkrtcy.N.D. Ga.1980) Aff'd. 11 B.R. 710 (1981).

Following the above definition it is apparent that the Carlton's claim is not based on the rejection of an executory contract. The Carltons had fully performed under the contract. They held a claim against the debtor as of the commencement of the case. Their claim did not arise from any "implied rejection of an executory contract".

Thus, even if the Carltons could properly invoke Bankruptcy Rule 3002(c)(4) which became effective on August 1, 1983, more than one year after the Carltons had knowledge of these proceedings, the court

---

**1.** In promulgating the new Bankruptcy Rules, the Supreme Court ordered, *inter alia:*

"2. That the aforementioned Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies."

Supreme Court Order of Transmittal, 51 U.S. L.W. 4461 (April 25, 1983).

**2.** Bankruptcy Rule 3002(c)(4) states:

"(c) *Time for Filing.* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to section 341(a) of the Code, except as follows:

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct."

finds that the rule does not apply to their claim since their claim is not based on the rejection of an executory contract.

The Carltons' second argument is that since they did not learn of the debtors' bankruptcy until after the deadline for filing claims had expired, it is within the court's authority to grant them leave to file their proof of claim. The court rejects this argument also.

The court's analysis must begin with former Bankruptcy Rule 302(e) which provides, with certain exceptions not here applicable, that a proof of claim must be filed within six months after the date set for the first meeting of creditors.[3] In the present proceeding the cut-off date was August 19, 1981. Proof of claims filed after that date, unless within one of the enumerated exceptions, are untimely.

A bankruptcy court's discretion to extend the time provided for by Rule 302(e) is limited by former Rule 906(b), which states in pertinent part:

(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under ... [Rule] 302(e), ... except to the extent and under the conditions stated [therein].

The impact of Rule 906(b) is that a court may not allow an extension of time within which to file a proof of claim pursuant to Rule 302(e) unless Rule 302(e) specifically allows the extension.[4]

The overwhelming consensus of the courts has been that this six-month time period must be strictly enforced. See e.g. *In re Pigott*, 684 F.2d 239 (3rd Cir.1982); *Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433 (2d Cir.1978); *In re Good News Publishers, Inc.*, 33 B.R. 125 (D.C.M.D.Tenn. 1983); *In re Grocerland Coop., Inc.*, 32 B.R. 425 (Bkrtcy.N.D.Ill.1983); *In re Sems Music Co., Inc.*, 24 B.R. 376 (Bkrtcy.M.D. Tenn.1982). The policy behind the strict enforcement of the filing deadline is apparent: "[it] insures a more efficient system and facilitates the administration of a bankrupt's estate so that the debtor, old creditors and new creditors can benefit". *In re Grocerland Coop., Inc., supra.* at 426. The rules' clear and unambiguous time lim-

---

**3.** The complete text of former Bankruptcy Rule 302(e) reads as follows:

"(e) *Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:

(1) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice the court may grant an infant or incompetent person without a guardian up to an additional 6 months for filing a claim.

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claim shall not be allowed.

(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

(5) If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus."

**4.** This limitation is carried over into the present Bankruptcy Rules. Thus Bankruptcy Rule 3002(c) provides, with certain exceptions, that in a Chapter 7 or Chapter 13 case a proof of claim must be filed "within 90 days after the first date set for the meeting of creditors". Bankruptcy Rule 9006(b)(3) provides that this time period may be extended "only to the extent and under the conditions stated in [Rule 3002(c)]".

**408**

its for the filing of claims may not be ignored in the name of equity.

The only exception to the strict enforcement of the deadline for filing claims is when the creditor is not listed on the schedules and hence fails to receive notice of the deadline. See e.g. *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.*, 385 F.2d 111 (3rd Cir.1967); *In re Pine Associates, Inc.*, 35 B.R. 49 (Bkrtcy.Conn.1983). This exception is supported by the Supreme Court's opinion of *City of New York v. New York, N.H. & H.R.R.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). In *City of New York* the city did not file proof of certain liens which it had imposed on parcels of the railroads' property because it had not received notice that it was required to do so. The Supreme Court reversed an order barring the enforcement of the liens: "The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights. New York City has not been accorded that kind of notice." Id. at 297, 73 S.Ct. at 301.

Thus, the principle is clear that, where the creditor does not receive notice of the deadline within which to file proofs of claim, the bankruptcy court, as a court of equity, may permit the late filing of claims. Absent such compelling circumstances, the deadline must be strictly enforced.

In the present case, it is undisputed that the Carltons were not listed as creditors and did not receive notice of the deadline for filing proofs of claims. The Carltons appeal to this court's sense of equity to permit them to file a late claim.

Equity aids the vigilant and diligent, not those who sleep on their rights. The Carltons waited more than two years after learning of these proceedings before they asserted their claim against the estate. Then, after receiving the Notice of Final Meeting of Creditors and discovering that there might be assets available, they decided to file their claim. Having delayed this long, the court finds that their claim is barred by laches.

The Carltons purposely refused to take any action after they learned of the debtors' bankruptcy. They moved to file their proof of claim only after it became apparent that there would be money in the estate to pay creditors. Their belated priority claim could be allowed only at the prejudice of the other creditors. Under these circumstances it would be inequitable to the other creditors to allow the Carltons' claim along with the other claims which were filed on time.

The court concludes, therefore, that the Carltons' motion for leave to file a proof of claim must be denied.