**In re Lloyd Ashton JONES, Jr. and Mary Elizabeth Jones, Debtors.**

**Bankruptcy No. 82–00645.**

United States Bankruptcy Court, D. South Carolina.

Nov. 4, 1985.

D. Nathan Davis, Charleston, S.C., for debtors.

Wm. Keenan Stephenson, Jr., Columbia, S.C., Trustee.

Heidi Solomon, Asst. U.S. Atty., Charleston, S.C., for Veterans' Admin.

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court are the objections to the claim of the Veterans' Administration (VA) filed by the debtors and the trustee.

### I

The trustee objects to the claim of VA on the ground that it was filed late.

The debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) on April 21, 1982.

The first meeting of creditors was held on June 3, 1982.

The plan was confirmed on August 18, 1982.

Bankruptcy Rule 3002, which governs the filing of proofs of claim, provides in pertinent part:

> (c) Time for Filing. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows....

A proof of claim was filed for VA by debtors' counsel on July 15, 1985. It was not filed within the 90-day period provided in Bankruptcy Rule 3002. Therefore, unless one of the exceptions to the rule applies, the proof of claim was not filed timely. In *In re Cmehil*, 43 B.R. 404 (Bankr.N.D.Ohio 1984), a creditor failed to file timely a proof of claim in the Chapter 7 case, and the court, citing Rule 906(b) (predecessor to Bankruptcy Rule 9006(b)) stated that "the impact of Rule 906(b) is that a court may not allow an extension of time within which to file a proof of claim pursuant to Rule 302(e) unless Rule 302(e) specifically allows an extension." *Cmehil*, at 407. *Accord, In re Whitten*, 49 B.R. 220 (Bankr.N.D.Ala. 1985).

Although in *Cmehil* the court recognized the general rule that Bankruptcy Rule 3002 provides the only relief for a claim filed late, the court also recognized a rule enunciated in *City of New York v. New York N.H. & H.R.R.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) which allowed a creditor to file a claim late when the creditor was not listed on the schedules or given notice of the deadline. Under either rule the claim of VA is late and may not be allowed.

### A

The only exception to Bankruptcy Rule 3002 under which VA might arguably fall is Bankruptcy Rule 3002(c)(1) which provides:

> On motion of the United States, a state or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

VA did not file a motion within the time required by the rule and, in fact, has not filed such a motion to date. Therefore, VA's claim was not filed timely and does not come within the exceptions provided in Bankruptcy Rule 3002.

### B

In *New York*, the court allowed the claim of the creditor when the creditor was not listed on the schedules or given notice of the deadline. In *Cmehil* the court distinguished *New York:*

> Equity aids the vigilant and diligent, not those who sleep on their rights. The Carltons waited more than two years after learning of these proceedings before they asserted their claim against the estate. Then, after receiving the Notice of Final Meeting of Creditors and discovering that there might be assets available, they decided to file their claim. Having delayed this long, the court finds that their claim is barred by laches.

*Cmehil*, at 408.

This court is in agreement with *Cmehil*. In the instant case VA was sent a letter on December 18, 1984 stating that the debtor was "in a Chapter 13 reorganization" (Debtors' exhibit No. 1), and yet they did nothing to protect their rights. Although this was over two years after the debtors' petition was filed, the court might have been inclined to follow *New York* and allow the late filing if the VA had acted promptly. However, VA, having slept on its rights, was not diligent. Therefore, this court, following *Cmehil*, holds that the trustee's objection to the claim of VA should be sustained and the claim disallowed.

### II

Inasmuch as the court is sustaining the objection of the trustee to the claim of VA, and is disallowing the claim, the court deems the objection of the debtors to the claim to be moot.

### ORDER

Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

1. The trustee's objection to the proof of claim of VA (No. 25) is sustained and the claim is disallowed.

2. The debtors' objection to the proof of claim of VA (No. 25) is rendered moot by the ruling on the trustee's objection.