**In re DECKO PRODUCTS, INC., Debtor.**

**Bankruptcy No. 83–01993.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 23, 1987.

David Bryan, Toledo, Ohio, for debtor.

Fritz Neil, Toledo, Ohio, for claimant.

## ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF OF CLAIM

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtor's objection to late filed proof of claim of Allied Industrial Workers of America (hereinafter referred to as "claimant"). Upon consideration thereof, the court finds that Debtor's objection is well taken and should be sustained, dismissing claimant's claim.

### FACTS

Debtor filed its chapter 11 petition on November 10, 1983. Subsequently, this court entered an order, on May 8, 1985, fixing July 1, 1985 as the last day to file proofs of claim. Debtor filed its disclosure statement and plan of reorganization on June 28, 1985. This court then entered an order on July 10, 1985, setting the hearing on the disclosure statement and fixing August 13, 1985 as the last date for objections

**3.** The current market rate may be a more appropriate figure, but such evidence was not before the court.

to the disclosure statement. The disclosure statement was approved by court order on August 27, 1985. The order also fixed October 1, 1985, as the last day to file acceptances or rejections to the plan and claims. The plan was confirmed on November 22, 1985.

Claimant filed its proof of claim on October 3, 1985, alleging priority for its claim for wages, salary or commissions pursuant to 11 U.S.C. § 507(a)(3). Debtor objected to this claim on October 30, 1985, alleging that its claim was defectively filed that its claim was incorrectly stated and that it was not entitled to priority.

A pretrial on Debtor's objection was held on February 20, 1986. At that time, the parties were ordered to submit briefs in support of their positions. Claimant's brief in opposition to Debtor's objection to claim was to be filed by May 12, 1986. To date, no brief has been received.

On December 16, 1986, Debtor filed a motion to dismiss claimant's late filed proof of claim. A pretrial on this motion was held on February 5, 1987. Claimant offered, at that pretrial, no explanation for its failure to timely file its proof of claim, for its failure to file its brief in opposition to Debtor's objection by February 20, 1986, or for its failure to respond to Debtor's motion to dismiss. Furthermore, claimant has failed to set forth any case law supporting any theory which would allow their late filed claim.

## DISCUSSION

Bankruptcy Rule 3003(c)(3) authorizes the court to fix the time within which proofs of claim may be filed. This court's July 10, 1985 order fixed October 1, 1985, as the last day for filing claims. Claimant failed to meet this deadline. Claimant had, then, from the date of the petition until the claims bar date, 23 months in which to file its proof of claim. Claimant offers no explanation for its delay in filing.

■ A creditor's claim may be denied where it waited more than two years after receiving notice of a bankruptcy to file its proof of claim and where its priority claim could be allowed only at the prejudice of other creditors. *In Re Cmehil,* 43 B.R. 404 (Bkrtcy.N.D.Ohio 1984). The court stated that it would be inequitable to allow creditor's claim. *Id.* at 408. Additionally, the court found that the creditor's claim was barred by laches. *Id.*

■ Here, claimant waited 23 months after receiving notice of the pending bankruptcy. Its claim is, then, barred by laches. Additionally, it alleges its claim is entitled to priority pursuant to 11 U.S.C. § 507. To allow its priority claim would prejudice all other creditors as Debtor's plan has been confirmed. Allowing claimant's tardily filed claim would require the filing of a new plan and a reduction in the amount available for unsecured creditors. Such a result would be inequitable.

In *In Re Waterman S.S. Corp.,* 59 B.R. 724, 14 B.C.D. 392 (Bkrtcy.S.D.N.Y.1986), the court disallowed claimant's claim even though claimant alleged she had not received notice of the bar date until after it had expired. The court indicated that notice was not unreasonable and then stated that:

> While this is an unfortunate result, after a reasonable time, a debtor must be able to start its process of reorganization and its creditors must be able to learn what they will receive under a plan. A first step in that endeavor is identification by a debtor of its creditor body and ascertainment of the dollar amount of claims outstanding. Failure to so proceed prejudices the entire community of interests especially where the debtor has filed its plan of reorganization after having successfully identified the universe of claims and having come to terms with many of its claimants.

59 B.R. at 728 (citations omitted).

As previously stated, Debtor filed its plan which was subsequently confirmed. Claimant failed to file its claim within the time period fixed by the court. Claimant also failed to object to Debtor's disclosure statement or to reject Debtor's plan. Claimant provides no explanation for its failure to respond.

Bankruptcy Rule 9006(b)(1) permits an enlargement of time for an act to be done where the failure to act was the result of excusable neglect. However, claimant offers no explanation for its failure to file its proof of claim. Nor, does claimant demonstrate any facts which justify its delay in filing. Claimant had ample opportunity in which to file its proof of claim, or to subsequently reject the plan. It failed to act. It is therefore

ORDERED that Debtor's objection to Allied Industrial Workers of America's proof of claim be, and it hereby is, sustained. It is further

ORDERED that Allied Industrial Workers of America's proof of claim be, and it hereby is, disallowed.

John M. Carey, Toledo, Ohio, for debtor.

H. Buswell Roberts, Toledo, Ohio, for Fremont Special Machine & Robert Simonton.

Truman A. Greenwood, Toledo, Ohio, for GGEC.

John K. Nelson, Joseph P. Thacker, Toledo, Ohio, for Fremont Sp. Machine.