In re GOVERNMENT SECURITIES CORPORATION, Debtor.

John R. CAMP, Jr., Trustee for the Liquidation of Government Securities Corp., and the Securities Investor Protection Corporation, Appellants,

v.

Alice CARSON, Appellee.

No. 88–1529–Civ.

United States District Court,
S.D. Florida.

Dec. 2, 1988.

Patrick S. Scott, Blackwell Walker Fascell & Hoehl, Miami, Fla., appellant trustee.

Theodore H. Focht, Gen. Counsel, Michael E. Don, Deputy Gen. Counsel, Josephine Wang, Assoc. Gen. Counsel, Washington, D.C., for appellant Securities Investor Protection Corp.

William M. Manker, Miami, Fla., for appellee.

## MEMORANDUM DECISION

RYSKAMP, District Judge.

This matter is before the court on a joint appeal by the trustee for the liquidation of Government Securities Corporation ("GSC"), and the Securities Investor Protection Corporation ("SIPC"), from an order of the Bankruptcy Court entered on June 21, 1988, in this proceeding under the Securities Investor Protection Act, 15 U.S. C. § 78aaa *et seq.* ("SIPA"). Briefs have been filed and oral argument has been heard.

## BACKGROUND

The record shows that on May 12, 1987, this court (per Judge Hastings) issued an order placing GSC, a securities brokerage firm, into liquidation under SIPA and appointing John R. Camp, Jr., as trustee to administer the liquidation. Pursuant to 15

U.S.C. § 78eee(b)(4), the case was removed to the Bankruptcy Court.

On May 29, 1987, as authorized by the Bankruptcy Court and as provided in 15 U.S.C. § 78fff–2(a)(1), the Trustee published notice of the liquidation, and mailed a copy of the notice and a claim form to each customer at the address shown in the books and records of GSC. Among other things, the notice informed customers and other creditors that the time for filing claims in the liquidation proceeding would expire six months after the date of the notice. The six-month claims filing period in SIPA proceedings is established in 15 U.S.C. § 78fff–2(a)(3).[1] A copy of the notice and a claim form were mailed to Alice Carson. On December 30, 1987, one month after the filing deadline of November 29, 1987, she submitted a claim to the trustee. The claim was for $10,154.25, the approximate cost of a security bought by Alice Carson, but never received from the GSC. The trustee denied the claim on the ground that it had been untimely filed. Under the procedures established in the liquidation, the claimant filed an objection, to be heard by the bankruptcy court, in which she asserted that she had an eyesight disability of 20/200 which made her incompetent, and asked for the allowance of her claim in accordance with the Bankruptcy Rule 3002(c)(2).

The bankruptcy court allowed the late claim to be filed. The court based its decision on three grounds: (1) that the allowance of the claim would not prejudice the other creditors or the debtor, and would not affect the efficient administration of the estate; (2) that the required equities "for such reconsideration and allowance as provided by [11 U.S.C. § 502(j) ]" had been shown; and (3) that the SIPA time bar is not "equity proof" because 15 U.S.C. § 78fff–2(a)(3), 11 U.S.C. § 502(j), and Bankruptcy Rule 3002(c)(2) should be harmonized where possible. In a SIPA proceeding, conclusions of law reached by a lower court are reviewable on appeal. *In re Stalvey & Associates*, 750 F.2d 464, 468 (5th Cir.1985). Because the bankruptcy court erred as a matter of law in allowing the late claim to be filed, its order is reversed.

DISCUSSION

█ Under 15 U.S.C. section 78fff–2(a)(3), the outer time limit for filing claims in SIPA cases is six months from the publication date of the liquidation notice. No claim filed after that period shall be allowed, unless within an exception in section 78fff–2(a)(3). The exceptions are restricted to claims by governmental entities, and infants or incompetents without guardians. A "reasonable, fixed extension of time" may be permitted, if cause is shown and the extension is requested before the six months lapse.

The legislative history of section 78fff–2(a)(3), derived as the section is from the Bankruptcy Act, highlights the immutable nature of the time bar. A SIPA proceeding is essentially a bankruptcy proceeding. *Securities Investor Protection Corporation v. Ambassador Church Finance/Development Group, Inc.*, 788 F.2d 1208, 1210 (6th Cir.), *cert. den. sub nom., Pine Street Baptist Church v. SIPC.*, 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986); *Exchange National Bank v. Wyatt*, 517 F.2d 453, 456–460 (2d Cir.1975). As originally enacted, SIPA did not expressly specify a time limit for filing claims, but incorporated by reference the time bar under section 57 of the Bankruptcy Act, 11 U.S.C. § 93. *See* 15 U.S.C. § 78fff(e) 1970). Under Section 57(n), claims in ordinary bankruptcy cases had to be filed within a six-month period, subject to certain exceptions for governmental entities, and infants and insane persons without guardians, with no notice of the bankruptcy proceedings.

---

1. In pertinent part, Section 78fff–2(a)(3) provides:

   Time Limitations—No claim of a customer or other creditor of the debtor which is received by the trustee after the expiration of the six-month period beginning on the date of publication of notice under paragraph (1) shall be allowed, except that the court may, upon application within such period and for cause shown, grant a reasonable, fixed extension of time for the filing of a claim by the United States, by a State or political subdivision thereof, or by an infant or incompetent person without a guardian.

Section 57(n) was a compromise of the conflicting judicial opinions that existed in 1938 as to when an extension of time could be allowed. In specifically enumerating the exceptions to the time bar, the provision eliminated the conflict and made clear the narrow circumstances in which an extension could be granted. As stated in 3 *Collier on Bankruptcy*, § 57.27 at pp. 416–424 (14 ed. 1978):

The inherent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief.

The weight of authority considers the statutory six months' period as mandatory and immutable. "This is a statute of limitations. It is even more. It is a prohibition. It is peremptory." * * * The Act of 1938, however, with its manifold amendments to § 57n, added as they were with full knowledge of the existing divergences of judicial views, constitutes a distinct reinforcement of the reasoning in favor of strict and "equity-proof" application of the statutory limitation. In allowing for extension of the time to file governmental tax claims, and in allowing the belated filing of proofs in cases where there is a surplus after all the other creditors have been paid in full, the Act unmistakably implies that under no circumstances other than those specifically referred to· in the statute may the court admit a claim to untimely proof, but that it is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress.

In 1978, Congress added section 8(a)(3) (codified as section 78fff–2(a)(3)) to SIPA. The new section eliminated the reference to section 57 and essentially incorporated the standards of that section directly into SIPA. Pub.L. No. 95–283, 92 Stat. 261–2 (1978). In the same year that it adopted section 78fff–2(a)(3), Congress also enacted the Bankruptcy Reform Act of 1978. However, while Congress left the claims filing period in ordinary bankruptcy cases to be formulated under the Bankruptcy Rules, it also left untouched the limits in SIPA which tracked the narrow limitations of the repealed Bankruptcy Act.

Concern for the prompt completion of the liquidation process and early certainty as to the extent of available assets and demands made against the assets, underscore the need for a strictly observed filing period. *Matter of Weis Securities, Inc., (Redington v. Borghi)*, 411 F.Supp. 194, 195 (S.D. N.Y.1975), *aff'd*, 538 F.2d 317 (2d Cir.1976); *In re OTC Net, Inc.*, 34 B.R. 658, 660 (Bankr.D.Colo.1983). The time bar and its narrow exceptions are clearly set forth in section 78fff–2(a)(3). There is nothing in the applicable legislative history of SIPA or case law under SIPA, which permits a departure from strict adherence to the language of that section, by the creation of an additional exception, on "equitable" grounds. *See Miller v. Austin*, 72 B.R. 893, 896–900 (S.D.N.Y.1987); *SEC v. J. Shapiro Co.*, 414 F.Supp. 679, 682 (D.Minn. 1975). The Bankruptcy Court's reasoning is not persuasive to the contrary.

■ By its own terms, Bankruptcy Rule 3002(c)(2), relied upon by the Bankruptcy Court, applies to cases under chapter 7 and chapter 13 of Title 11. The rule permits the court to extend the time for filing claims in those cases by infants or incompetents or their representatives, "[i]n the interest of justice and if it will not unduly delay the administration of the case." Although 15 U.S.C. § 78fff(b) provides that a SIPA liquidation proceeding "shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3 and 5 and subchapters I and II of chapter 7" of the Bankruptcy Code, the section limits the application of the provisions of the Code "to the extent consistent with" SIPA. SIPA contains its own time limit with respect to the filing of claims and there is therefore no need to resort to other law. Reliance on Bankruptcy Rule 3002(c)(2) is particularly inapposite inasmuch as it is inconsistent with SIPA.

A provision is not consistent if it "conflicts with an explicit provision" of SIPA. *SIPC v. Charisma Sec. Corp.*, 506 F.2d 1191, 1195 (2d Cir.1974). Unlike Bankruptcy Rule 3002(c)(2), section 78fff–2(a)(3) allows an extension only 1) to governmental entities, infants and incompetents without guardians; 2) for cause; and 3) if the request for an extension is made before the expiration of the six months. In requiring that the request for an extension be made before the expiration of the time bar, and that any "incompetent" be without a guardian, section 78fff–2(a)(3) plainly conflicts with the Bankruptcy Rule and therefore controls.

 The Bankruptcy Court also erred in relying on section 502(j) of the Bankruptcy Code. That section permits a court to reconsider, for cause, a claim that has been allowed or disallowed. A review of the section in conjunction with Bankruptcy Rule 3008 makes clear that it is intended to apply only to reconsideration of an *order* allowing or disallowing a claim. No order had previously been entered by the Bankruptcy Court on the claim of Alice Carson, and consequently, none existed to reconsider. Furthermore, even if the matter were on reconsideration before the Bankruptcy Court, section 502(j) would afford no basis to allow the late filing. To the extent section 502(j) purported to create an additional exception to the SIPA time bar, it would conflict with section 78fff–2(a)(3), and be inapplicable under section 78fff(b). *See Miller v. Austin, supra,* 72 B.R. at 897.

Finally, the allowance of the late-filing on equitable grounds in order to reconcile 15 U.S.C. § 78fff–2(a)(3), Bankruptcy Rule 3002(c)(2), and section 502(j) of the Bankruptcy Code, was in error. In making the provisions of the Code applicable to SIPA proceedings only to the extent consistent with SIPA, 15 U.S.C. § 78fff(b), Congress contemplated and intended that certain provisions of the Code not apply to SIPA cases. A reconciliation of the provisions undermines the legislative intent.

The Bankruptcy court adduced no facts showing the asserted disability or incompetence of Alice Carson. However, even if Alice Carson were an incompetent person without a guardian, it would be to no avail, since the claimant failed to request an extension before the expiration of the time bar. 15 U.S.C. § 78fff–2(a)(3).

CONCLUSION

After a careful review of the pleadings and law and for the reasons set forth above, it is hereby:

ORDERED and ADJUDGED that the order of the Bankruptcy Court, dated June 17, 1988, and filed on June 21, 1988, allowing the late-filing of the claim of Alice Carson is REVERSED. Alice Carson's claim is disallowed.

DONE and ORDERED.